PEOPLE v. GROCHOWSKI

CRIMINAL LAW—PLEA OF GUILTY—VOLUNTARINESS—INDUCEMENTS.
  Contention that plea of guilty was not voluntary because of a
  promise that by pleading guilty in another matter the present
  proceeding would be *nolle prosequi* is so unsubstantial that it
  requires no argument or formal submission where at the time
  he offered his present plea of guilty defendant acknowledged
  he had not been induced by threats or promises and if there
  had been any unfulfilled plea bargain it related to another
  matter and not the case in question (GCR 1963, 817.5[3]).

Appeal from Recorder's Court of Detroit, George
W. Crockett, Jr., J.  Submitted Division 1 November
3, 1970, at Grand Rapids.  (Docket No. 8945.)
Decided December 7, 1970.

David Grochowski was convicted, on his plea of
guilty, of assault with intent to rob being unarmed.
Defendant appeals.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Arthur N. Bishop,*
Assistant Prosecuting Attorney, for the people.

*John F. Gilhool,* for defendant on appeal.

---

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 485–487, 505.

Before: Holbrook, P. J., and R. B. Burns and Fitzgerald, JJ.

Per Curiam.   The people move to affirm (GCR 1963, 817.5[3] as amended in 1965) defendant's conviction, on his plea of guilty, of assault with intent to rob, being unarmed, contrary to MCLA § 750.88 (Stat Ann 1962 Rev § 28.283).

On appeal, defendant contends that the trial court erred in accepting the plea originally without determining whether it was voluntary and by refusing to vacate the plea after sentencing when it was brought to the court's attention that defendant had pleaded guilty to a charge in Oakland County Circuit Court because of a promise that the present proceeding would be *nolle prossed.*

It is manifest that the questions presented, on which decision of the cause depends, are so unsubstantial as to need no argument or formal submission.

Before accepting defendant's plea, the trial court did inquire as to its voluntariness.   Defendant acknowledged to the court at that time that his plea had not been induced by threats or promises.   If there was an unfulfilled plea bargain, it clearly occurred in and related to the Oakland County proceedings and has been remedied by an order for new trial entered in that court.

Motion to affirm is granted.