### PEOPLE v BROOKS

Docket No. 57107. Decided March 29, 1976.

Jack Brooks was convicted, on his plea of guilty in Kalamazoo Circuit Court, Raymond W. Fox, J., of breaking and entering a business place with intent to commit larceny. Defense counsel stated that the inducement for the defendant's plea of guilty was an agreement with the Kent County prosecuting attorney that other charges pending in that county would be dismissed after a plea of guilty was entered in Kalamazoo County. Prosecution of the charges in Kent County proceeded, contrary to the alleged agreement, and defendant was convicted by a jury of possession of burglary tools and carrying a concealed weapon. The Kalamazoo Circuit Court denied the defendant's motion to withdraw his plea of guilty. Defendant appealed and the Supreme Court *sua sponte* granted leave to appeal prior to decision by the Court of Appeals (Docket No. 21704). *Held:*

Denial of the motion to withdraw the defendant's plea of guilty was erroneous. The representation by defendant's attorney of a promise by a prosecuting attorney to dismiss charges in another county was part of the inducement of the plea of guilty; when the promise was unfulfilled, defendant's motion to withdraw the plea should have been granted.

Reversed and remanded for further proceedings.

CRIMINAL LAW—PLEA OF GUILTY—PLEA BARGAIN.

Denial of a defendant's motion to withdraw his plea of guilty in one circuit court was reversible error where the defendant's attorney represented at the plea taking that his plea was induced by a promise by a prosecuting attorney of another county to dismiss charges pending in another circuit court and the promise was unfulfilled.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald A. Burge,*

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 485, 493, 494.

Prosecuting Attorney, and *Stephen M. Wheeler,* Chief of Appellate Division, for the people.

*Brignall, DeVries & Lamb, P. C.,* for defendant.

PER CURIAM. On December 4, 1973, defendant pled guilty in Kalamazoo Circuit Court to a charge of breaking and entering a business place with intent to commit larceny. The plea record includes the following colloquy:

"*The Court:* Are there any—Mr. McWhorter [defense counsel] and Mr. Silaski [assistant prosecutor]—are there any agreements between you two affecting other cases in this county or any other agreement?

"*Mr. McWhorter:* Your Honor, the inducement for this plea is an agreement between myself and the Kent County Prosecutor's Office wherein those charges that are now presently pending in Kent County will be dismissed and that Mr. Brooks, for the dismissal of those charges, would enter a plea of guilty to this charge in this county. They have indicated that they will not dismiss those charges today, but will do so at the time of sentence here or before sentence here, so the basis for this plea, so that it is on the record, is our agreement with Kent County. The Kalamazoo Prosecuting Attorney's Office did not enter into any agreement in this matter. They did confer, at my request, with the Kent County Prosecutor on the telephone when we were interrupted during the trial.

"*Mr. Silaski:* Your Honor, I spoke to an assistant prosecuting attorney from the prosecutor's office and informed him of the nature of this charge and what the maximum penalty was.

"*The Court:* Did he indicate to you, as Mr. McWhorter said, what disposition would be made, or didn't he indicate that?

"*Mr. McWhorter:* I don't think he did.

"*Mr. Silaski:* He just told me what the charges were pending in Kent County and we went no further.

"*Mr. McWhorter:* It was Heckman, was his last name. I can't think of his first name.

"*The Court:* You are satisfied, Mr. McWhorter, that they will keep their word up there?

"*Mr. McWhorter:* I have no reason not to believe that they won't keep their word.

"*The Court:* All right, knowing all that, Mr. Brooks, do you still want to plead guilty?

"*Defendant:* Yes, sir."

The Kent County Prosecutor did not dismiss the charges pending in Kent County. On February 12, 1974, defendant filed a motion to withdraw his plea because "the Kent County Prosecutor's office withdrew [from] their agreement and [has] continued with the prosecution against this Defendant." Defendant alleged that his plea had been induced by a promise which had gone unfulfilled. A jury trial in Kent County in March, 1974, resulted in defendant's conviction of possession of burglary tools and carrying a concealed weapon. In an opinion of May 6, 1974, the Kalamazoo circuit judge denied defendant's motion to withdraw his guilty plea:

"This court has no power to make the Prosecutor of Kent County live up to any agreement which it can be proven was made between defense counsel in this case and the Kent County Prosecutor's Office. The enforcement of such an agreement, if there was one, would have to be in Kent County."

Thereafter, defendant was sentenced to imprisonment for six to ten years. Defendant's subsequent appeal was among the 114 taken from the Court of Appeals by this Court. 394 Mich 776 (1975). In pleadings filed after our decision in the *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975), both the prosecutor and defense counsel ask

us to decide whether the circuit judge erred in denying the motion to withdraw. We conclude that he did.

*In re Valle*, 364 Mich 471; 110 NW2d 673 (1961), involved a defendant who alleged his guilty plea was induced by the prosecutor's promise as to his sentence, stated on the record at the plea proceeding by defendant's attorney. The prosecutor later denied any promise was made. We vacated defendant's conviction:

"If the evidence establishes that the prosecutor or the judge has made a statement which fairly interpreted by the defendant (in our case of foreign extraction and with only an eighth-grade education, presumably in court for the first time) is a promise of leniency, and the assurance is unfulfilled, the plea may be withdrawn and the case proceed to trial." 364 Mich 471, 477–478.

In *Santobello v New York,* 404 US 257; 92 S Ct 495; 30 L Ed 2d 427 (1971), one prosecutor promised he would make no recommendation as to sentence if defendant pled guilty, but a second prosecutor recommended the maximum one-year sentence. The United States Supreme Court said:

"[A] constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled". 404 US 257, 262.

The Court remanded to the New York state court to determine whether specific performance of the plea agreement or withdrawal of the guilty plea was required. Similarly in the *Guilty Plea Cases,* we said:

"If the judge determines that the plea agreement was

not fulfilled, he shall, in his discretion, either amend the judgment of conviction (if the plea agreement can yet be fulfilled by such an amendment) or permit the defendant to withdraw his plea of guilty and vacate the judgment of conviction." 395 Mich 96, 127.

Like the promise of *Valle,* the representation of defense counsel as to a promise by the Kent County Prosecutor could well be interpreted as a promise of leniency; when it went unfulfilled, defendant's request to withdraw the plea should have been granted. The circuit judge was unable to grant specific performance, as he recognized, but that is not the relief defendant requested. In *People v Grochowski,* 28 Mich App 558; 184 NW2d 574 (1970), defendant had pled guilty in Oakland County in return for a promised *nolle prosequi* in Recorder's Court. When that promise went unfulfilled, the Court of Appeals said the failure to fulfill the bargain "has been remedied by an order for new trial entered in [Oakland circuit] court". 28 Mich App 558, 559. That is the remedy approved in *Valle* and that is what the circuit judge should have done in this case.

The judgment of the circuit court is reversed and the cause remanded for further proceedings.

KAVANAGH, C. J., and WILLIAMS, LEVIN, COLEMAN, FITZGERALD, LINDEMER, and RYAN, JJ., concurred.