PEOPLE v DAVIS

Opinion of the Court

1. Criminal Law—Plea of Guilty—Plea Bargains—Sentences—
   Prosecutor's Recommendation—Harsher Sentences.

   A plea bargain should not be found to be unfulfilled where (1) the
   prosecution fulfilled its bargain to recommend a light sentence,
   (2) the record shows that the defendant knew that this was
   only a recommendation and not binding on the trial judge, and
   (3) the judge decided that the prosecutor's recommendation was
   inapplicable and gave the defendant a much harsher sentence
   than the one recommended; a factual record must support
   speculative allegations that a promise remains unfulfilled.

Dissent by D. E. Holbrook, P. J.

2. Criminal Law—Plea of Guilty—Plea Bargains—Sentences—
   Prosecutor's Recommendation—Withdrawal of Recommen-
   dation.

   *A defendant should be entitled to withdraw his plea of guilty and
   stand trial on the charge where the prosecution has withdrawn
   its recommendation for a light sentence after agreeing to make
   such a recommendation as its part of a plea bargain; where the
   record gives some support to the defendant's allegations that
   the recommendation was withdrawn the matter should be
   remanded for a hearing, before a different judge, to determine
   if the prosecution may have formally or informally withdrawn
   its recommendation prior to sentencing.*

Appeal from Oakland, Robert L. Templin, J.
Submitted February 7, 1977, at Lansing. (Docket
No. 29057.) Decided March 31, 1977.

References for Points in Headnotes

[1, 2] 21 Am Jur 2d, Criminal Law §§ 485, 493, 494.

Enforceability of plea agreement or plea entered pursuant thereto,
   with prosecuting attorney involving immunity from prosecution
   for crimes. 43 ALR3d 281.

Paul W. Davis, Jr., was convicted, on his plea of guilty, of receiving and concealing stolen property in excess of $100. Defendant's post-sentence motion to withdraw plea denied. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *James L. McCarthy,* Assistant Appellate Counsel, for the people.

*Myron F. Poe,* for defendant.

Before: D. E. HOLBROOK, P. J., and R. B. BURNS and M. F. CAVANAGH, JJ.

M. F. CAVANAGH, J. On May 3, 1976, defendant Paul Willis Davis, Jr., pled guilty to the offense of receiving and concealing stolen property of value in excess of $100, MCLA 750.535; MSA 28.803. In return for defendant's plea, the prosecutor recommended a sentence of 30 days in the county jail, to be served on weekends. Both the record of the plea-taking procedure and the plea form signed by the defendant explicitly show that the prosecutor's consideration was merely a recommendation. The trial judge expressly stated that he was not bound by the prosecutor's recommendation. Upon review of the pre-sentence report, the trial court decided that the prosecutor's recommendation was inappropriate, and sentenced the defendant to a three to five year prison term. Defendant appeals of right from trial court denial of his post-sentence motion for withdrawal of plea.

Defendant asserts on appeal that prior to his plea he was misled to believe that he would be sentenced to the prosecutor's recommendation;

since his sentence in fact greatly exceeded that recommendation, his plea bargain went unfulfilled. While we can understand that defendant may have been surprised at the disparity between the recommendation and the actual sentence, defendant has nowhere established on the record that he was in fact misled. Indeed, the opposite appears to be the case. Defendant correctly argues that the courts will not allow a plea bargain to go unfulfilled, *People v Hall,* 399 Mich 288; 249 NW2d 62 (1976), *People v Brooks,* 396 Mich 118; 240 NW2d 1 (1976), *In re Valle,* 364 Mich 471; 110 NW2d 673 (1961). It is equally clear that a factual record must support speculative allegations that a promise remains unfulfilled. *People v Hall, supra.* There is no such record here.

Nor can we discern any support in the record for defendant's allegation that the prosecutor withdrew his sentence recommendation prior to sentencing. The trial court did not err in refusing to allow withdrawal of the plea.

Affirmed.

R. B. BURNS, J., concurred.

D. E. HOLBROOK, P. J. *(dissenting).* This writer would agree with the majority opinion that defendant was fully advised that the prosecutor only made a sentence recommendation and that the trial court was free to impose whatever sentence the court felt proper. Defendant has no basis on which to challenge the court's imposition of a harsher sentence than he expected merely because the trial court did not follow the sentence recommendation. However, there is sufficient support for the allegation that the prosecution may have withdrawn such recommendation so as to justify remand to determine if the recommendation was, in fact, withdrawn.

Defendant alleges that the prosecution withdrew its recommendation in chambers just prior to sentencing because the prosecution learned that defendant was charged with committing a similar crime in a neighboring county. Were this allegation not supported by the record, however, this writer would affirm. During the hearing on the motion to withdraw, however, the prosecution made the following statement:

"The People would like to respond, your Honor. At all times I'd like Defense Counsel to acknowledge our recommendation was just that, a recommendation to the Court. It was predicated on the information contained in the file as well as the information imparted by Defense Counsel. Nowhere at no time were we made aware of the situation involving the same Defendant in Washtenaw County which came to the eyes of the Court and which the Court considered and the Defendant was, in effect, given the same chance the Oakland County Prosecutor's office was *about to recommend* by way of recommendation only, making it abundantly clear on the record that the recommendation was not binding on the Court." (Emphasis added.)

The record does support the allegation that the prosecution may have withdrawn its recommendation prior to sentencing and demands a hearing to determine if the recommendation was in fact formally or informally withdrawn prior to sentencing. Such hearing should be held before a different judge. If the recommendation was withdrawn, then the bargain was broken and defendant is entitled to withdraw his plea and stand trial on the charge. *In re Valle,* 364 Mich 471; 110 NW2d 673 (1961). However, if the recommendation was not in fact withdrawn, defendant's plea conviction should stand.

This writer so votes.