Dean ROWELL, Al T. Hayes, Lee Jorgensen, D. R. Gaither, R. S. McKnight, William A. Stevenson, Robert L. Healy, and Robert B. Mee, Plaintiffs–Appellants,

v.

Cecil ANDRUS, ·Individually and in his capacity as Secretary of the Department of the Interior of the United States; Curt Berklund, Individually and in his capacity as Director of the Bureau of Land Management; Paul L. Howard, individually and in his capacity as State Director of the Bureau of Land Management, Utah; Lexy Pollick, Individually and in her capacity as Chief, Minerals Section, Utah State Office, Bureau of Land Management; Gerald E. Petty, Individually and in his capacity as Acting Associate Director, Bureau of Land Management; Jack O. Horton, individually and in his capacity as Assistant Secretary of the Department of the Interior of the United States; Thomas Kleppe, individually and in his capacity as Secretary of the Department of the Interior of the United States, Defendants–Appellees.

No. 78–1466.

United States Court of Appeals, Tenth Circuit.

Argued March 11, 1980.
Decided Oct. 6, 1980.

Richard A. Rappaport of Cohne, Rappaport & Segal and Calvin L. Rampton of Jones, Waldo, Holbrook & McDonough, Salt Lake City, Utah, for plaintiffs–appellants.

Edward J. Shawaker, Atty., Dept. of Justice, Washington, D. C. (James W. Moorman, Asst. Atty. Gen., Washington, D. C., Ronald L. Rencher, U. S. Atty., Wallace Boyack, Asst. U. S. Atty., Salt Lake City, Utah, and Robert L. Klarquist, Atty., Dept. of Justice, Washington, D. C., with him on the brief), for defendants–appellees.

Before HOLLOWAY, DOYLE and LOGAN, Circuit Judges.

HOLLOWAY, Circuit Judge.

This action by the plaintiffs–appellants challenges the validity of an amended Department of Interior regulation which increased annual non–competitive oil and gas lease payments from 50¢ to $1.00 per acre. 43 C.F.R. § 3103.3–2 (1977). The suit also questions the lawfulness of the Department's actions in implementing the amended regulation and handling pending lease applications of the plaintiffs.

The district court granted the Secretary's motion for summary judgment with respect to plaintiffs' first cause of action which alleged that the amended regulation was void because it was not promulgated in conformity with § 4(c) of the Administrative Procedure Act (APA), 5 U.S.C. § 553(d). The court also granted the Secretary's motion to dismiss plaintiffs' third, fourth, and fifth causes of action, which alleged *inter alia* that the Secretary had violated equal protection principles applicable through the Fifth Amendment in administering the non–competitive oil and gas leasing program. The judgment also dismissed plaintiffs' second cause of action which essentially averred that the Secretary had violated the terms of the amended regulation itself by failing to issue leases on applications pending prior to its effective date. This timely appeal followed.

Plaintiffs contend that the trial court erred: (1) in granting summary judgment for the Government against plaintiffs' first claim on the theory that 5 U.S.C. § 553(d) did not require publication of a final substantive rule at least 30 days before the rule's effective date, there having been such notice of proposed rule making, and (2) in dismissing the remaining claims on the ground that they failed to state claims on which relief could be granted. Plaintiffs ask that we reverse the summary judgment and dismissal, enter summary judgment in their favor on the first cause of action, and reinstate their other claims so that discovery can be completed. Brief of Appellants at 1, 33–34.

## I

The facts relating to the enactment of the contested regulation are basically undisputed. On March 18, 1976, the Secretary of the Interior published in the Federal Register a proposed regulation to increase annual non–competitive oil and gas lease payments from 50¢ to $1.00 per acre. 41 Fed.Reg. 11314. The proposed regulation had a tentative effective date of July 1, 1976.

After receiving and considering numerous comments from the public the Secretary filed the adopted regulation on December 30, 1976, in the Office of the Federal Register. On January 5, 1977, this regulation was published in the Federal Register. 42 Fed.Reg. 1032. The regulation as promulgated was identical with the proposed regulation except that the effective date had been changed to February 1, 1977. Thus the regulation as issued appeared in the Federal Register in final form less than 30 days before its effective date.

The plaintiffs are all individuals who had lease applications pending prior to January 5, 1977. They brought this action seeking mandamus, declaratory, and injunctive relief because some of the leases applied for had not been issued prior to February 1, 1977, and consequently had not been issued at the lower 50¢ rate. In their first cause of action, they claimed that the amended regulation was void and unenforceable because it was not published in the Federal Register at least 30 days prior to its effective date as required by 5 U.S.C. § 553(d).

After the parties stipulated that discovery had been completed only on plaintiffs' first cause of action, each submitted motions for summary judgment on that claim. In granting the Government's motion for summary judgment on plaintiffs' first claim, the district court held *inter alia* that "[t]here is no requirement in § 553 that the *final* adopted rule or regulation be published 30 days before the effective date"; that the agency complied with the rulemaking provisions of the APA; and that the amended regulation increasing the annual payments for non–competitive oil and gas leases "is a valid regulation."

Plaintiffs argue that the district court erred in upholding the amended regulation. They say that 5 U.S.C. § 553(b) and (d) require two publications; that § 553(d) requires publication of a regulation as adopted in the Federal Register 30 days before its effective date; that publication of a proposed rule pursuant to § 553(b) does not satisfy the publication requirement of § 553(d); and that the regulation is invalid since it was published in final form less than 30 days before its effective date. Brief of Appellants at 4–7.

The Government says that the time period of § 553(d) begins with the publication of a proposed regulation; that even if the 30 day time period of § 553(d) begins with the publication of the adopted regulation, it was satisfied here since the final regulation was filed in the Office of the Federal Register on December 30, 1976—32 days prior to the effective date of the regulation; and that even if the time period of § 553(d) was violated, the plaintiffs have not shown they are entitled to the relief sought. Brief of Appellees at 6–7.

## II

We must disagree with the interpretations of the APA suggested by the Government. The plain language of 5 U.S.C. § 552(a)(1)(D) requires each agency to publish in the Federal Register "substantive rules of general applicability *adopted* as authorized by law, and statements of general policy or interpretations of general applicability formulated and adopted by the agency." (Emphasis added). Section 553(d) provides, with certain exceptions not relevant here,[1] that "[t]he required publication or service of a substantive rule shall be made not less than 30 days before its effective date . . . ."

■ We are convinced that the "required publication" under § 553(d) is not satisfied by the publication of "general notice of proposed rule making" required by § 553(b).[2] Rather § 553(d) refers to the specific mandate of § 552(a)(1)(D) requiring publication of substantive rules as actually *adopted* by an agency. *See Kollett v. Harris*, 619 F.2d 134, 144–45 & n.15 (1st Cir.); *United States v. Gavrilovic*, 551 F.2d 1099, 1103–04 & n.9 (8th Cir.); *Sannon v. United States*, 460 F.Supp. 458, 467 (S.D.Fla.); *Peo-*

*ple v. Rowe*, 85 Mich.App. 106, 270 N.W.2d 472, 473 (Ct.App.Mich.) (per curiam); *see generally* K. Davis, Administrative Law Text § 6.01 (3d ed. 1972); 1 K. Davis, Administrative Law Treatise § 6.07 (1958); *but see Washington State Farm Bureau v. Marshall*, 625 F.2d 296, 306 n.19 (9th Cir. 1980); *Joseph v. United States Civil Service Comm'n*, 554 F.2d 1140, 1153 n.23 (D.C. Cir.); *Lewis–Mota v. Secretary of Labor*, 469 F.2d 478, 481 (2d Cir.). We are persuaded that this result is required by the language of the APA.

This conclusion is also supported by other interpretations. In a manual prepared as a guide to federal agencies in adjusting their procedures to the requirements of the APA, the Attorney General explained the legislative purpose of § 553(d):

The discussion of Section 4(c) [now § 553(d)] in the reports of both the Senate and House Committees on the Judiciary makes clear that the phrase *'The required publication or service of any substantive rule'* does not relate back or refer to the publication of *'general notice of proposed rule making'* required by section 4(a) [now § 553(b)]; rather it is a requirement that substantive rules which must be published in the Federal Register (see section 3(a)(3)) [now § 552(a)(1)(D)] shall be so published at least thirty days prior to their effective date. Similarly, "rules addressed to and served upon named persons", when they are substantive in nature are subject to section 4(c). *The purpose of the time lag required by section 4(c)* [now § 553(d)] *is to "afford persons affected a reasonable time to prepare for the effective date of a rule or rules or to take any other action which the issuance of rules may prompt".* Sen.Rep. p. 15;

---

1. The Government has not contended that any of the exceptions to the publication requirement are applicable in this case. *See* II R. 294–95.

2. At the point of publication of the proposed rule the agency is, of course, not bound to the issuance of the rule in any exact form. It could (1) ·scuttle the whole proposal; (2) before adoption, modify the rule in light of comments and agency reconsideration, so long as the rule

adopted does not substantially depart from the terms or substance of the proposed rule as noticed; or (3) adopt the rule in the exact terms of the proposal. Here the third course was followed, with only a change as to the effective date. However, until publication is *made of the rule actually adopted*, the public of course does not know which course the agency will take or how to prepare for the regulation.

H.R.Rep. p. 25 (Sen.Doc. pp. 201, 259). (Emphasis added).

*Attorney General's Manual on the Administrative Procedure Act* 36 (1947);[3] *see also United States v. Gavrilovic, supra,* 551 F.2d at 1104 n.9.

■ The legislative history[4] also reveals that the purpose of the time lag required by § 553(d) after publication of the regulation as finally issued is to "afford persons affected a reasonable time to prepare for the effective date of a rule or rules or to take any other action which the issuance of the rules may prompt." *See United States Senate Committee on the Judiciary, Administrative Procedure Act: Legislative History* 201, 259 (1946) [hereinafter cited as *APA: Legislative History*]; *see also Kollett v. Harris, supra,* 619 F.2d at 145 n.15. This statement in the history re–enforces the view that the publication of the "adopted" rule required by § 552(a)(1)(D) and the time limit of "not less than 30 days before its effective date" commanded by § 553(d) serve purposes separate and apart from the earlier publication of proposed rule making mandated by § 553(b)–publication permitting comments and participation in formulation of rules. The required publication of the adopted rule, and the subsequent time lapse required before its effective date, cannot be dispensed with by the agency merely because the adopted rule turns out to be the same as the proposed rule.

The legislative history also states that "[w]here public rule–making procedures [under § 553(b) concerning a proposed rule] are dispensed with, the provisions of subsections (c) and (d) of this section [now § 553(d) and (e)] would nevertheless apply."[5] *APA: Legislative History, supra,* at

200, 258–59. Thus the "publication" referred to in § 553(d) is not the earlier publication of the proposed rule under § 553(b).

Moreover, the rule making regulations of the Department of the Interior itself seem to run counter to the position now taken by the Secretary. These regulations, which purport to incorporate the requirements of the APA (see 43 C.F.R. § 14.1), mandate that the effective date of "final significant rules," absent an exception, must be "a minimum of 30 calendar days after the date of publication in the Federal Register." *Id.* § 14.4(i) at 168–69; *see also id.* § 14.5(b)(5) at 170.

To support its position that § 553(d) only requires that a proposed rule be published no less than 30 days before its effective date, the Government relies on *Joseph v. United States Civil Service Comm'n, supra,* 554 F.2d at 1153 n.23, which states: "Section 553(d)(1) only provides an exception to the requirement that a proposed rule be published not less than 30 days before its effective date." Aside from the fact that the court in *Joseph* did not specifically deal with the legislative history of § 553(d),[6] the statement is of doubtful utility in light of the fact that two members of the *Joseph* panel, in a case one month earlier, agreed that § 553(d) mandated a delay in "the effective date of a newly adopted rule," absent a statutory exception. *See Capital Cities Communication, Inc. v. F.C.C.,* 554 F.2d 1135, 1139 (D.C.Cir. 1976).

The Government also relies on the decisions in *British American Commodity Options Corp. v. Bagley,* 552 F.2d 482 (2d Cir.). *cert. denied,* 434 U.S. 938, 98 S.Ct. 427, 54

---

**3.** The Supreme Court has recognized the persuasiveness of this Manual by the Attorney General on the APA and has given deference to it because of the role played by the Department of Justice in drafting the legislation. *See Vermont Yankee Nuclear Power Corp. v. NRDC,* 435 U.S. 519, 546, 98 S.Ct. 1197, 1213, 55 L.Ed.2d 460.

**4.** We feel that the legislative history should be considered since it sheds considerable light on the question before us. *See Train v. Colorado*

*Public Interest Research Group,* 426 U.S. 1, 10, 96 S.Ct. 1938, 1942, 48 L.Ed.2d 434.

**5.** As noted, § 553(d) states that the "required publication or service of a substantive rule shall be made not less than 30 days before its effective date ...."

**6.** The opinion in *Washington State Farm Bureau v. Marshall, supra,* 625 F.2d 296, likewise did not discuss the legislative history on this point.

L.Ed.2d 297 and *Chrysler Corp. v. Department of Transportation*, 515 F.2d 1053 (6th Cir. 1975). They are not persuasive here. In the *British American* case the court merely found the "good cause" exception of § 553(d)(3) applicable, thus obviating the necessity for a 30 day delay in the effectiveness of the rule in question. *See* 552 F.2d at 488–89. In *Chrysler Corp.* the court dealt only with the adequacy of notice of a proposed rule where the final published rule varied from the proposed rule. *See* 515 F.2d at 1061.

We think that the most persuasive construction of the statute appears in *United States v. Gavrilovic*, 551 F.2d 1099 (8th Cir.). It is true that this was a criminal case so that strict construction was particularly appropriate and this factor was stressed in the opinion. *Id.* at 1103. Nevertheless, the interpretation of the APA made there and the court's review of the legislative history logically apply in both civil and criminal cases. *See generally Chrysler Corp. v. Brown*, 441 U.S. 281, 312, 99 S.Ct. 1705, 1723, 60 L.Ed.2d 208 ("strict compliance with the APA" required in a civil context). The interpretation of § 553(d) in *Gavrilovic* was that the 30–day notice period before the effective date of a regulation commenced with publication of the rule as adopted. *See* 551 F.2d at 1101 n.3, 1102, 1104 n.9; *accord, Kollett v. Harris, supra*, 619 F.2d at 144–45 & n.15.

Alternatively the Government argues that even if the 30 day deferred effective date provision of § 553 is construed as applying to final rules, the regulation in question here was filed with the Office of the Federal Register on December 30, 1976; that this was over 30 days prior to the February 1, 1977, effective date; and that such date of filing for publication with the Federal Register office commenced the 30 day waiting period. Consequently the Government says that the time period prescribed by § 553(d) was satisfied in any event.

■ It is true that 44 U.S.C. § 1507 states that the filing of a document with

the Office of the Federal Register is sufficient to give notice of its contents. However, we feel that another part of § 1507 is the key to the answer here. In pertinent part the statute provides that "*Unless otherwise specifically provided by statute*, filing of a document, required or authorized to be published by section 1505 of this title ... is sufficient to give notice of the contents of the document to a person subject to or affected by it." (Emphasis added). The "unless otherwise" language of § 1507 leads us to 5 U.S.C. §§ 552(a)(1) and 553(d) which require *publication* 30 days before the effective date, as opposed to mere *filing* with the office. The common meaning of the word should apply, there being no statutory definition. Clearly "publication" in the Federal Register requires more than mere "filing."

■ The question remains whether the regulation is wholly void because of the procedural default or whether it may be effective 30 days following the publication of the rule as adopted. We believe that § 553(d) is susceptible of a reasonable construction that the regulation may be saved and held valid after passage of the 30–day notice period. This was the result reached in *Lewis–Mota v. Secretary of Labor*, 469 F.2d 478, 482 (2d Cir.), and the view indicated also at the conclusion of the *Gavrilovic* opinion. *See* 551 F.2d at 1106. *But see Sannon v. United States, supra*, 460 F.Supp. at 468; *City of New York v. Diamond*, 379 F.Supp. 503, 516 (S.D.N.Y.); *cf. Shell Oil Co. v. Federal Energy Administration*, 440 F.Supp. 876, 887 (D.Del.), *aff'd*, 574 F.2d 512, 516 (T.E.C.A.). We thus conclude that the regulation was lawfully effective on and after February 4, 1977.

The record is unclear as to what the effect of this holding would be. Consequently we conclude that the district court's judgment on the plaintiffs' first cause of action should be vacated and the cause remanded for further proceedings consistent with our holding that the regulation in question was valid, but only beginning on February 4, 1977.[7]

---

7. The Government also argues that even if the regulation was not promulgated in accordance

with § 553(d), the plaintiffs are not entitled to the relief which they seek because they cannot

## III

Plaintiffs' second cause of action alleges that the Secretary violated the terms of his own regulation by not issuing oil and gas leases on these pending applications prior to the effective date of the amended regulation. II R. 5 (¶ 30). This claim is based primarily on the prefatory language which accompanied the January 5, 1977, publication of the adopted regulation in which the Secretary stated, *inter alia*, that:

> We are amending the regulations to change the effective date from July 1, 1976, to February 1, 1977, to give various offices of the Bureau of Land Management additional time to see if necessary work can be completed on pending applications so that they can be issued prior to the new effective date.

42 Fed.Reg. 1032. The plaintiffs further claim that the Secretary, despite his stated intention of giving local BLM offices time to complete action on pending applications, failed to issue any directive ordering the local BLM office in Utah to issue leases on pending applications prior to the rate increase. II R. 5.

In dismissing plaintiffs' second cause of action for failure to state a claim on which relief can be granted, the district court held that the language quoted "is not part of the adopted regulation and does not require the BLM offices to process all pending lease applications before the effective date of the regulation. At best this language is merely precatory and ... [does not give] rise to a cause of action requiring the issuance of leases." *Id.* at 313.

■ We must agree with the district court's conclusion that the prefatory statement of the Secretary is not part of the adopted regulation and cannot be the basis of a cognizable claim. Such language is more in the nature of a goal rather than a commitment to issue leases on all pending applications prior to February 1, 1977. Plaintiff has not claimed in this cause of action that the Secretary has invidiously discriminated among lease applicants in issuing leases before the effective date of the amended regulation. Accordingly we affirm the district court's dismissal of plaintiffs' second cause of action.

## IV

Plaintiffs' remaining claims for relief are premised on the contention that the Secretary has violated equal protection principles applied through the Fifth Amendment and has made other constitutional errors in administering the leasing regulations. In granting the Government's motion to dismiss these claims the district court held "that a lease application does not give rise to a vested right protected by the Fifth Amendment" and that consequently there could be no constitutional violation pertaining to the processing or issuing of the leases. II R. 313–14.

■ We must disagree with the district court's conclusion that it can now be held that plaintiffs' third, fourth and fifth causes of action fail to state a claim on which relief can be granted. "[I]f a classification would be invalid under the Equal Protection Clause of the Fourteenth Amendment, it is also inconsistent with the due process requirement of the Fifth Amendment." *Johnson v. Robison*, 415 U.S. 361, 364–65 n.4, 94 S.Ct. 1160, 1164, 39 L.Ed.2d 389. Although the plaintiffs have not yet pointed to specific evidence that the BLM office in Utah acted in an unconstitutional manner with respect to their lease applications, we note that the parties have stipulated that discovery on the plaintiffs' constitu-

---

show any injury stemming from the procedural irregularity. Brief of Appellee at 17–20. Although this argument appears to be based on the Secretary's purported "right to refuse to enter into any leases until the new regulations come into force," *id.* at 19, we note that the appellants have claimed that their leases have already been issued at the higher rate. *See*

Reply Brief of Appellants at 11; *see also* Brief of Appellee at 5; II R. 137, 144–47, 154, 161. Thus it appears that this argument raises factual questions which have not yet been resolved by the trial court. We express no opinion on this issue which can be dealt with on the remand after the facts are developed.

tional claims has not yet been completed. II R. 234. The plaintiffs have alleged discriminatory and unfair practices and treatment by the Utah BLM office against the plaintiffs as the basis for their claims of violation of due process and equal protection principles, and of arbitrary and capricious administrative action. On the present state of the record we cannot hold that the plaintiffs will be unable to prove any facts which may entitle them to relief.

Accordingly, the judgment of the district court is affirmed as to the dismissal of plaintiffs' second cause of action. The judgment is vacated as to the first, third, fourth and fifth causes of action and the case is remanded for further proceedings in accord with this opinion.

WILLIAM E. DOYLE, Circuit Judge, dissenting.

I respectfully dissent:

My disagreement with the majority opinion is slight. It is limited to its holding that the requirement of two rulemaking notices is absolute. It is possible that there are circumstances which would require two such notices but I am unable to readily call up such a condition and certainly the situation presented is not such a condition.

My difference with the result is slight because it does uphold the second notice by the expedient of extending the effectiveness of the notice for a few days so as to have a thirty–day period. This does not appear to undermine the rule change; it does, however, express the position of the majority that a special thirty–day notice is

invariably required. I disagree with this position.

\* \* \*

Assuming that a second notice was required, my opinion is that an effective second notice was given.

The statute, 5 U.S.C. § 553(d), requires the final substantive rule to be published not less than thirty days before its effective date. The second notice satisfied this requirement. The final rule (which is the same as the first submission) did not, it is true, appear in the Federal Register until January 1, 1977. However it was *filed* with the office of the Federal Register December 30, 1976.

The Federal Register Act, 44 U.S.C. § 1501–1511, sets the date and hour of filing the publication in the Federal Register as the effective date of publication; 44 U.S.C. § 1507 so provides. This section is very plain in its terms.[1]

There is a second reason why there was adequate notice given and that is that it was first proposed by publication in the Federal Register on March 18, 1976, i. e. some nine months before the final regulation was published on January 5, 1977. It seems probable that the appellants had notice of this. The proposed regulation was identical, the same as that which was adopted. Indeed it was a very simple regulation. Its effect was to raise to $1.00 per acre per year non–competitive oil and gas lease payments. So it was merely a notice of price increase. Surely the appellants were aware of this and it was a change which they

1. § 1507. Filing document as constructive notice; publication in Federal Register as presumption of validity; judicial notice; citation

A document required by section 1505(a) of this title to be published in the Federal Register is not valid as against a person who has not had actual knowledge of it until the duplicate originals or certified copies of the document have been filed with the Office of the Federal Register and a copy made available for public inspection as provided by section 1503 of this title. Unless otherwise specifically provided by statute, filing of a document, required or authorized to be published by section 1505 of this title, except in cases where notice by publication is insufficient in law, is sufficient to give notice of the contents of the document to a person subject to or affected by it. The publication in the Federal Register of a document creates a rebuttable presumption–
(1) that it was duly issued, prescribed, or promulgated;
(2) that it was filed with the Office of the Federal Register and made available for public inspection at the day and hour stated in the printed notation;
(3) that the copy contained in the Federal Register is a true copy of the original; and
(4) that all requirements of this chapter and the regulations prescribed under it relative to the document have been complied with.

would not have approved no matter how much notice they had had. I cannot say that I fault them on this but that is not the issue; the question is whether they were aware of the price increase. Undoubtedly they were.

So what they really are complaining about is that the price per acre per year was raised. They were not deprived of an opportunity to be heard on the subject.

It is now apparent why I noted above that the difference which results from the majority opinion is slight, at least in this case. But, the matter may loom large in different circumstances.

The cases support the position which I take. See *Joseph v. United States Civil Service Commission*, 554 F.2d 1140, 1153, n. 23 (D.C. Cir. 1977). *See also British American Commodities Option Corp. v. Bagley*, 552 F.2d 482, 488 (2nd Cir. 1977). In this case the Second Circuit held that even though there were changes between the October, 1975 proposal and the November 24, 1976 final announcement, that a thirty-day period did not have to be present prior to the final announcement. *And see Chrysler Corporation v. Department of Transportation*, 515 F.2d 1053 (6th Cir. 1975). Here again it was held that since the substance of the rule was announced at the outset that it was unnecessary to give a second notice even though changes had occurred. Only one decision supports the majority opinion and that is *United States v. Gavrilovic*, 551 F.2d 1099 (8th Cir. 1977). A rule in that case provided a standard applicable to criminal prosecutions. And so when the defendant in the criminal case challenged the rule and it appeared that the thirty days had not transpired, the Eighth Circuit could not very well avoid granting relief.

I will not extend the discussion further. My only addition is that I regret that I have had to file this dissent inasmuch as our difference is not great.