Elliot S. SILVERSTEIN,
pro se, et al, Plaintiffs
vs.
LAW ENFORCEMENT ASSISTANCE
ADMINISTRATION, et al, Defendants

No. 79-2260-MA

United States District Court
Commonwealth of Massachusetts

February 10, 1983

Pro Se, Plaintiff.
John D. Hanify, U.S. Atty., and Gregory
Funn, counsels for the defendant

## MEMORANDUM AND ORDER

**Mazzone, D.J.** This action is brought under the Freedom of Information Act (FOIA), 5 U.S.C. sec. 552 and the Privacy Act, 5 U.S.C. sec. 552a. The plaintiffs, Elliot Silverstein and Morton L. Bardfield, claim they are entitled to a certain document maintained by the defendant, the Law Enforcement Assistance Administration (LEAA). Jurisdiction is properly premised on 5 U.S.C. secs. 552(a) (4) (B), 552a(g) (5). The matter is before the Court on cross motions for summary judgment. The following facts are not in dispute.

In December, 1975, Josephine A. Motter of the Regional Office of the LEAA, Boston, Massachusetts, informed Elliot Silverstein of a letter sent by CES Telecommunications of Chicago, Illinois to the Boston Regional Office of the LEAA. The letter concerned the plaintiffs' participation in the Greater Boston Police Council (GBPC) radio project and contained derogatory information regarding their professional conduct. In a letter dated January 27, 1976, Bardfield authorized Silverstein to file a claim for disclosure of the CES letter in accord with 5 U.S.C. sec. 552a(b), (d) (1). On January 29, 1976, Silverstein made written demand upon the LEAA for the entire copy of the CES letter. On March 5, 1976, the LEAA rejected this request. On appeal, the Office of the Deputy Attorney General finally denied the request on November 17, 1977. Having exhausted their administrative remedies, the plaintiffs filed their complaint with this Court on November 13, 1979.

In the fall of 1975, William P. Joyce, then general attorney with the LEAA, George Campbell, LEAA regional administrator, and Art Yefsky, president of CES Telecommunications, met at the Boston Regional Office of the LEAA. Yefsky expressed concerns about telecommunication procurements in the Boston area. At the meeting, Campbell solicited documentation of these concerns and promised Yefsky that the information would be held by the LEAA in total confidence. On November 20, 1975, the LEAA received a letter from CES Telecommunications which is the subject of this suit. Prior to that time, the LEAA had commenced administrative proceedings directed at the affairs of the GBPC radio project.

### I. The Freedom of Information Act, 5 U.S.C. sec. 552 (1976)

The defendant has moved for summary judgment on the grounds that the CES letter is exempt under 5 U.S.C. sec. 552(b) (7) (D). The plaintiffs contest the applicability of this exemption, which states in pertinent part:

(b) This section does not apply to matters that are --

> (7) investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would . . . (D) disclose the identity of a confidential source and in the case of a record compiled by a criminal law enforcement authority in the course of a criminal investigation . . . confidential information furnished only by the confidential source.

The burden is on the government agency, the LEAA, to prove that a nondisclosed document is properly included within a FOIA exemption. 5 U.S.C. sec. 552(a) (4) (B).

The government has met its burden of proving that the first clause of the (b) (7) (D) exemption has been met. The CES letter was solicited with an express pledge of confidentiality by a representative of the LEAA. The letter was then forwarded to the LEAA in trust and, therefore, the identity of the confidential source must not be disclosed. **Radowich v. United States Attorney, District of Maryland,** 658 F. 2d 957, 959-60 (4th Cir. 1981).

The second clause of the (b) (7) (D) exemption warrants fuller discussion. This clause refers to any "criminal law enforcement authority in the course of a criminal investigation." Agencies such as

the LEAA with combined functions of administration and law enforcement, as opposed to those agencies whose sole mission is law enforcement, are subject to, heightened judicial scrutiny to determine the applicability of a (b) (7) (D) exemption. **Pratt v. Webster,** 673 F. 2d 408, 416 (D.C. Cir. 1981).

The question here is whether the LEAA qualifies as a criminal law enforcement entity for the purposes of the FOIA. This Circuit has held that agencies having administrative, civil or criminal law enforcement responsibilities may be included within the scope of a "law enforcement purpose" written into the (b) (7) (D) exemption. **Irons v. Bell,** 596 F. 2d 468, 474 (1st Cir. 1979). The record must show that the LEAA, in the case at bar, had and was exerting a legitimate law enforcement purpose within the scope of its authority. **Church of Scientology of California v. United States Dep't of the Army,** 611 F. 2d 738, 748 (9th Cir. 1979) (as amended on denial of rehearing, April 7, 1980). The LEAA's investigation of the GBPC radio project was an authorized audit of a participant in its program. 42 U.S.C. sec. 3769(b).[1] This investigation ·could have resulted in the imposition of criminal penalties. 42 U.S.C. secs. 3791-93.

While the government's affidavit and answers to interrogatories are nonspecific, as to the contents of the CES letter, this lack of specificity is not significant. The LEAA is required to present facts which reveal how the contents of the CES letter were reasonably related to its administrative investigative proceedings. **Irons v. Bell, supra,** 596 F. 2d at 472. In letters appended to the complaint, moreover, the plaintiffs have demonstrated that they understood at an early stage the general nature of the contents of the CES letter. Josephine A. Motter informed Silverstein of the general thrust of this letter in December, 1975. The plaintiffs need no further description.

I conclude, therefore, that the LEAA functioned, at times relevant to the instant case, as a legitimate law enforcement authority in execution of its duties delegated under 42 U.S.C. secs. 3701 **et seq.** The fact that the proceeding initiated by the LEAA has been terminated prior to the resolution of this suit does not affect the exempt status of the CES letter under 5 U.S.C. sec. 552 (b) (7) (D). **Bast v. Department of Justice,** 665 F. 2d 1251, 1253-54 (D.C. Cir. 1981). The CES letter is exempted from disclosure in its entirety under the FOIA.

II. **The Privacy Act, 5 U.S.C. sec. 552a (1976)**

While FOIA promotes access to records kept by government agencies, the Privacy Act is designed to limit access by others to protect the privacy of the individual. Under 5 U.S.C. sec. 552a(d) (1), an individual, upon request, may gain access to information pertaining to him or her which is held by a government agency. The defendant has claimed that the CES letter is exempt under 5 U.S.C. sec. 552a(k) (2) which states:

> Specific exemptions -- The head of any agency may promulgate rules, in accordance with the requirements . . . of sections 553(b) (1), (2), and (3), (c) and (e) of this title, to exempt any system of records within the agency from subsections (c) (3), (d), (e) (1), (e) (4) (G), (H), (I) and (f) of this section if the system of records is -
>
> (2) investigatory material compiled for law enforcement purposes, other than material within the scope of subsection (j) (2). of this section: **Provided, however,** That if any individual is denied any right, privilege, or benefit that he would otherwise be entitled by Federal law, or for which he would otherwise be eligible, as a result of the

---

[1] The plaintiffs filed their complaint with this Court on November 13, 1979. The relevant statutes, then, are those which were in effect on or before this date.

maintenance of such material, such material shall be provided to such individual, except to the extent that the disclosure of such material would reveal the identity of a source who furnished information to the Government under an express promise that the identity of the source would be held in confidence, or, prior to the effective date of this section, under an implied promise that the identity of the source would be held in confidence;. . .

The following is undisputed. The CES letter was contained within a system of records entitled "General Investigative System, JUSTICE/LEAA-003." The Attorney General published notice of this system of records on August 27, 1975. 40 Fed. Reg. 38703. The Department of Justice simultaneously published proposed rules to exempt from disclosure this system of records. 40 Fed. Reg. 39408, 39422. A second notice of this system was published on October 30, 1975. 40 Fed. Reg. 50649-50650. This rule was adopted and publication of the exempt status of this system of records was made on March 26, 1976. 41 Fed. Reg. 12640-12641, 12652-12653.

Since the plaintiffs made a written request for disclosure of the CES letter from the LEAA on January 29, 1976, they claim that their action was undertaken before the rule exempting documents contained in JUSTICE/LEAA-003 became final on March 26,. 1976. They contend that this rule should not be applied retroactively. The government asserts on the other hand, that since the final denial of the request was made on November 17, 1977, the rule was then in effect, and, therefore, was not being applied retroactively to the request.

The "effective date" of the agency's rule under 5 U.S.C. sec. 553(d) occurs when that rule is adopted by the agency, not when notice of the proposed rule is published. **Rowell v. Andrus,** 631 F. 2d 699, 702 (10th Cir. 1980).

JUSTICE/LEAA-003, therefore, was in effect when a final adjudication of the request was made and we must presume that the decision was made in accordance with those regulations.

The government further argues that even if the regulations were applied retroactively, such application was proper under the circumstances. While administrative rules may be applied retroactively, such application should be denied when the retroactive impact is so unexpected and disruptive that the concerned party is prejudiced unfairly by the result. **Hazelwood Chronic & Convalescent Hosp., Inc. v. Weinberger,** 543 F. 2d 703, 708 (9th Cir. 1976), **vacated and remanded on other grounds,** 430 U.S. 952 (1977); **see also Welch v. Henry,** 305 U.S. 134, 146-51 (1938). The facts indicate that the plaintiffs had notice of the proposed rule before commencing this action for disclosure. The administrative claim was made approximately two months before the effective date of the rule. That date preceded the filing of the complaint in this Court. The timing of this sequence of events establishes that retroactive application of the rule would not work a harsh or oppressive result on the plaintiffs' rights. Moreover, some flexibility is essential to an agency in its rulemaking capacity and, here, the LEAA has a duty to honor pledges of confidentiality. Under the circumstances of this case, retroactive application of the rule is reasonable and proper.

## CONCLUSION

Accordingly, the information subject to this suit is exempted from disclosure both under the FOIA and the Privacy Act. Summary judgment is to be entered for the defendant and the complaint dismissed.

SO ORDERED.

A. David Mazzone
United States District Judge
**JUDGMENT**

**Mazzone, D.J.** In accordance with the Court's memorandum and order entered on February 10, 1983 granting the defendants' motion for summary

judgment in the above entitled action, it is hereby ORDERED

Judgment for the defendants.

Complaint dismissed.

By the Court,
Helen M. Costello
Deputy Clerk