**Darrell PROWS, Appellant,**

v.

**DEPARTMENT OF JUSTICE, et al.**

**Darrell PROWS, Appellant,**

v.

**DEPARTMENT OF JUSTICE, et al.**

Nos. 89–5083, 90–5182.

United States Court of Appeals, District of Columbia Circuit.

July 12, 1991.

Rehearing Denied Sept. 3, 1991.

Jay B. Stephens, U.S. Atty., John D. Bates, R. Craig Lawrence and Mark E. Nagle, Asst. U.S. Attys., were on the motions for summary affirmance for appellees.

Darrell Prows was on the responses pro se.

Before SILBERMAN, BUCKLEY and WILLIAMS, Circuit Judges.

Opinion for the Court filed PER CURIAM.

PER CURIAM:

Inmate Darrell Prows appeals from orders of the district court disposing of his challenges to the Inmate Financial Responsibility Program ("IFRP"), 28 C.F.R. §§ 545.10 & 545.11. The Department of Justice and Bureau of Prisons move for summary affirmance of the court's orders. Although Prows asserts several grounds for reversal, the only aspect of our decision that merits a published opinion [1] relates to the remedy for a violation of the Administrative Procedure Act's requirement that an agency allow passage of 30 days between a final rule's publication and its effective date. 5 U.S.C. § 553(d) (1988). We join the other circuits that have addressed the matter in holding that violations are remedied by denying such a rule effectiveness for the mandated 30 days, allowing it to take effect in full thereafter.

\* \* \*

On April 1, 1987 the Bureau of Prisons published the IFRP in its final form with an immediate effective date. See 52 Fed. Reg. 10,528 (April 1, 1987). The IFRP requires that inmates with Federal Prison Industries ("UNICOR") work assignments devote a portion of their earnings toward specified "legitimate financial obligations." At the same time, the Bureau issued Program Statement 5380.1, which specified that "[i]nmates assigned grades 1 through 4 in UNICOR will be expected to allot not less than 50% of their monthly pay" toward

these obligations. Failure to comply with the IFRP may result in termination of an inmate's UNICOR work assignment or payment at only a maintenance level. 28 C.F.R. § 545.11(c).

On May 12, 1987 Prows was removed from his grade 1 UNICOR position because he refused to pay 50% of his earnings toward a court-ordered fine that the IFRP treats as his only legitimate obligation. After exhausting his administrative appeals, he filed suit in district court.

The district court granted Prows's motion for summary judgment on his claim that adoption of the Program Statement violated the notice and comment requirements of §§ 553(b) and 553(c) of the APA. *Prows v. United States Dep't of Justice*, 704 F.Supp. 272, 276–77 (D.D.C.1988).[2] The court declared the Statement null and void and, as violation of the Statement had been the sole reason for Prows's firing, ordered him reinstated with back pay from May 12, 1987. *Id.* at 277–78.

In the district court Prows attacked the IFRP as well as the Program Statement, claiming that the IFRP's immediate effectiveness violated § 553(d)'s requirement of a 30–day pause between promulgation and effectiveness:

> The required publication or service of a substantive rule shall be made not less than 30 days before its effective date, except ... as otherwise provided by the agency for good cause found and published within the rule.

5 U.S.C. § 553(d). As Prows was not fired until May 12, 1987, more than 30 days after the April 1 implementation of the IFRP, the court concluded that Bureau of Prisons compliance with § 553(d) would not have delayed Prows's dismissal. Accordingly the court held that Prows lacked standing to challenge that alleged violation. See *Prows*, 704 F.Supp. at 276.

After his court-ordered reinstatement with back pay, Prows was again fired from

---

1. We grant the motions for summary affirmance with respect to the district court's resolution of Prows's remaining claims substantially for the reasons stated by the district court.

2. The Justice Department and Bureau of Prisons do not challenge this aspect of the court's decision, and the program statement has been re-promulgated in compliance with the APA.

UNICOR (April 5, 1989), this time on a basis wholly independent of the invalidated Program Statement. He moved in the district court that the Bureau of Prisons be held in contempt for enforcing the IFRP, which the district court denied. His appeals from that denial and from the original decision have been consolidated. We today grant the defendants' motions for summary affirmance.

In rejecting Prows's § 553(d) attack on the IFRP, the court overlooked an assertion of injury that Prows renews here:

> While the actual firing of Appellant, admittedly, did not occur until May 12, 1987, the process of reaching and effectuating this decision was begun, as required, at a regularly scheduled program review session. Said program review session was held on April 21, 1987, only 21 days after the April 1, 1987 effective date given to the IFRP by Appellees. If not for this program review session, and violation of Section 553(d) which allowed it to be employed, the process of firing Appellant from his UNICOR job status could not have been begun until his next regularly scheduled program review session in July of 1987.

Brief of Appellant at 7–8.

■ On the view we take of the appropriate remedy, however, any claim on that theory is moot. While failure to comply with the notice and comment requirements of § 553(b) is fatal to the validity of the challenged rule, § 553(d)'s 30–day requirement calls for a different solution. We agree with the Tenth Circuit that "§ 553(d) is susceptible of a reasonable construction that the regulation may be saved and held valid after passage of the 30–day notice period." *Rowell v. Andrus*, 631 F.2d 699, 704 (10th Cir.1980); *see also United States v. Gavrilovic*, 551 F.2d 1099, 1106 (8th Cir. 1977) (declaring challenged rule invalid during 30–day notice period and valid thereafter); *Lewis–Mota v. Secretary of Labor*, 469 F.2d 478, 482 (2d Cir.1972) (same). This rule protects those who are affected by agency action taken during the 30–day waiting period without disturbing later action that is not the product of the violation.

■ Assuming the validity of Prows's § 553(d) attack on the IFRP, and that it barred his May 12, 1987 dismissal because of that dismissal's roots in pre-May 1, 1987 administrative actions, he has been made whole as an incidental result of the district court's having ordered reinstatement with back pay as a remedy for the Bureau's having promulgated the Program Statement in violation of §§ 553(b) and 553(c). His later dismissal was dependent only upon the IFRP, which Prows attacked solely under § 553(d). Given our holding that the IFRP acquired validity May 1, 1987 (and there being no suggestion that Prows's 1989 dismissal had roots in earlier agency activities under the IFRP), any violation was fully remedied. Accordingly, the claim not addressed by the district court is moot. See *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990) (requirement of actual, ongoing controversy "subsists through all stages of federal judicial proceedings, trial and appellate").

The motions for summary affirmance are *Granted.*