PEOPLE v LAWSON

1. CRIMINAL LAW—PLEA OF GUILTY—REPRESENTATIONS TO DEFENDANT
    —UNFULFILLED PLEA BARGAIN.

    Withdrawal of a defendant's plea of guilty should be permitted
    where the plea was entered in response to representations that
    charges pending in another county will be dismissed and the
    charges in the second county were not dismissed.

2. CRIMINAL LAW—PLEA OF GUILTY—PLEA BARGAIN—EVIDENTIARY
    HEARING—ABUSE OF DISCRETION—COURT RULES.

    A trial court's finding, after an extensive evidentiary hearing,
    that a defendant who entered a guilty plea to a criminal charge
    in one county did not enter the plea with the understanding or
    misunderstanding that there would be a plea bargain agree-
    ment and that other charges against the defendant in another
    county would be dismissed was not clearly erroneous; the trial
    court did not abuse its discretion in denying the defendant's
    post-sentence motion to withdraw his plea of guilty to the
    charge in the first county (GCR 1963, 517.1).

3. CRIMINAL LAW—SENTENCES—CONSECUTIVE SENTENCES—CONCUR-
    RENT SENTENCES—LARCENY.

    There is no statutory authority for imposing consecutive sen-
    tences for a defendant's convictions for breaking and entering
    and larceny of over $100; therefore, the sentences must be
    concurrent.

4. CRIMINAL LAW—PLEA OF GUILTY—CONSEQUENCES OF PLEA—VOLUN-
    TARY PLEA—WITHDRAWAL OF PLEA.

    A defendant must know the direct consequences of his plea of

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4] 21 Am Jur 2d, Criminal Law §§ 485, 491, 493, 494, 503–506.
    Validity of guilty pleas—Supreme Court cases. 25 L Ed 2d 1025.
    Enforceability of plea agreement, or plea entered pursuant thereto,
        with prosecuting attorney involving immunity from prosecution
        for other crimes. 43 ALR3d 281.
    Right to withdraw guilty plea in state criminal proceedings where
        court refuses to grant concession contemplated by plea bargain.
        66 ALR3d 902.
[3] 21 Am Jur 2d, Criminal Law § 546 *et seq.*

guilty, including the actual value of any commitments made to him, in order to plead voluntarily; where a defendant pleads guilty and surrenders his right to trial in apparent misapprehension of the value of commitments made to him, he should be allowed to withdraw his plea because the plea cannot be considered voluntary.

Appeals from Kalamazoo, Patrick H. McCauley, J., and Calhoun, Stanley Everett, J. Submitted March 3, 1977, at Grand Rapids. (Docket Nos. 26248, 26680.) Decided May 17, 1977.

Charles Lawson was convicted, on his pleas of guilty, of breaking and entering and of larceny over $100. Defendant appeals. The conviction for breaking and entering affirmed and the conviction for larceny over $100 remanded to allow withdrawal of plea.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald A. Burge,* Kalamazoo County Prosecuting Attorney, and *Stephen M. Wheeler,* Chief of Appellate Division, and *James D. Norlander,* Calhoun County Prosecuting Attorney, and *Roger L. Caswell,* Assistant Prosecuting Attorney, for the people.

*DeVries & Lamb, P. C.* and *Kim R. Fawcett,* Assistant State Appellate Defender, for defendant on appeal.

Before: R. M. MAHER, P. J., and D. E. HOLBROOK, JR. and J. T. LETTS,* JJ.

PER CURIAM. Defendant appeals from two plea-based convictions, one from Kalamazoo County for breaking and entering, MCLA 750.110; MSA 28.305, and the other from Calhoun County for

---

* Circuit judge, sitting on the Court of Appeals by assignment.

larceny over $100, MCLA 750.356; MSA 28.588. An earlier order by the Court consolidated the appeals.

On May 28, 1975, defendant pled guilty as charged to breaking and entering in the Kalamazoo County Circuit Court. On June 30, 1975, the court sentenced defendant to 6 to 15 years imprisonment. On the same day, after sentencing in Kalamazoo County, defendant pled guilty to larceny over $100 in the Calhoun County Circuit Court. The original charge against defendant in Calhoun County was larceny from a person, MCLA 750.357; MSA 28.589. On August 28, 1975, the Calhoun County Circuit Court sentenced defendant to a concurrent term of 3 to 5 years.

Defendant claims that his plea to breaking and entering in Kalamazoo County was induced by a promise that the charge against him in Calhoun County would be dropped. This contention formed the basis of a motion to withdraw his plea in Kalamazoo County, filed after sentencing on July 29, 1975. The Kalamazoo County Circuit Court entered an order denying the motion on September 2, 1975. When representations that pending charges in another county will be dismissed lead a defendant to plead guilty and the charges are not dismissed, a withdrawal of the plea should be permitted. *People v Brooks,* 396 Mich 118; 240 NW2d 1 (1976), *People v Grochowski,* 28 Mich App 558; 184 NW2d 574 (1970).

In *Brooks, supra,* the Supreme Court had before it, on the record made at the plea taking, the representations made about the disposition of charges in another county. On the record made when defendant Lawson pled to the breaking and entering charge in the Kalamazoo County Circuit Court, no mention of charges pending in another

county appears. This Court remanded the matter to the Kalamazoo County Circuit Court for an evidentiary hearing to determine if any representations were made to defendant regarding disposition of the Calhoun County charge of larceny. After an extensive hearing, at which all of the attorneys who represented defendant in Kalamazoo and Calhoun Counties testified, the trial court found that defendant "did not plead guilty in Kalamazoo County under the understanding or misunderstanding that there would be a plea bargain agreement and they would dismiss the case in Calhoun County". This finding, which is not clearly erroneous, prevents this Court from holding that the Kalamazoo County Circuit Court abused its discretion in denying defendant's post-sentence motion to withdraw his plea to breaking and entering, GCR 1963, 517.1. *People v Byrd,* 12 Mich App 186; 162 NW2d 777 (1968). Defendant's other allegation of error regarding his conviction for breaking and entering lacks merit. *Guilty Plea Cases,* 395 Mich 96, 122–123; 235 NW2d 132 (1975).

Defendant must be allowed to withdraw his plea of guilty to larceny over $100 entered in the Calhoun County Circuit Court. At the plea taking in Calhoun County, defendant's counsel informed the court that the plea agreement, in addition to allowing a plea to larceny over $100 in exchange for the dismissal of the charge of larceny from a person, included the prosecutor's promise not to request consecutive sentences. The prosecutor and defendant confirmed the court's restatement of the agreement. The possibility that defendant could be subject to consecutive terms for the crimes in Kalamazoo County and Calhoun County did not exist. The purse snatching in Calhoun County happened on October 14, 1974, and the breaking

and entering in Kalamazoo County happened on November 7, 1974. The sentences imposed for these crimes were required to be concurrent, since there is no statutory authority for them to be consecutive. *In re Allison,* 322 Mich 491; 33 NW2d 917 (1948), *In re Carey,* 372 Mich 378; 126 NW2d 727 (1964).

The record thus indicates that defendant pled with an exaggerated belief in the benefits of his plea and that nothing was done by the court, the prosecutor or his counsel to correct his misapprehension. In *Hammond v United States,* 528 F2d 15 (CA 4, 1975), the Court considered an analogous situation. Hammond's attorney had erroneously advised him of the maximum possible prison term should Hammond go to trial on all the charges facing him and had recommended that he accept a plea bargain. The Fourth Circuit concluded:

> "[I]n order to plead voluntarily, a defendant must know the direct consequences of his plea, including 'the actual value of any commitments made to him.' Where, as here, counsel's alleged advice, corroborated by the information supplied by the court, grossly exaggerated the benefit to be derived from the pleas of guilty, it would follow that the pleas were not voluntary." 528 F2d, at 19.

See also, *Cooks v United States,* 461 F2d 530 (CA 5, 1972).

Since defendant surrendered his right to trial in apparent misapprehension of the value of commitments made to him, he should be allowed to withdraw his plea.

Defendant's conviction for breaking and entering is affirmed. His case from Calhoun County is remanded to allow him to withdraw his plea of guilty.