PEOPLE v ROWE

Docket No. 77-268. Submitted December 13, 1977, at Detroit.—Decided May 25, 1978.

James D. Rowe was convicted, on his plea of guilty, of possession of the controlled substance Diazepam, Jackson Circuit Court, James G. Fleming, J. The defendant appeals, alleging (1) that he did not receive proper notice of the addition of Diazepam to Schedule 4 of the Controlled Substances Act, (2) that the form of notice provided by the Administrative Procedures Act is not sufficient to apprise defendant of when penal sanctions begin to operate in regard to the added provision, and (3) that the defendant's guilty plea was coerced when he was charged with an offense for which he could not have been convicted. *Held:*

1. The defendant was not denied proper constitutional notice since the addition of Diazepam to Schedule 4 did not become effective until 15 days after the date of filing with the Secretary of State, as required by statute.

2. The defendant was not convicted on the basis of a charge on which he could not have been convicted because that charge was later dismissed pursuant to the plea bargain reached.

Affirmed.

1. DRUGS AND NARCOTICS—CONTROLLED SUBSTANCES—DIAZEPAM—NOTICE—STATUTES.

A defendant, convicted of possession of the controlled substance Diazepam, was not denied proper constitutional notice of the addition of Diazepam to Schedule 4 of the Controlled Substances Act where the addition of Diazepam to Schedule 4 did not become effective until 15 days after the date of filing with the Secretary of State, as required by statute (MCL 24.247; MSA 3.560 [147]).

2. CRIMINAL LAW—BASIS OF CONVICTION—PLEAS OF GUILTY—CHARGE ON WHICH DEFENDANT COULD NOT BE CONVICTED—PLEA BARGAIN.

A defendant who pled guilty to another charge was not convicted

REFERENCES FOR POINTS IN HEADNOTES

[1] 25 Am Jur 2d, Drugs, Narcotics and Poisons §§ 16, 17.
[2] 21 Am Jur 2d, Criminal Law § 484 *et seq.*

on the basis of a charge for which he could not have been convicted, even though he was originally charged and bound over on such a count for which he could not have been convicted, where that charge was later dismissed pursuant to a plea bargain reached.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Edward J. Grant,* Prosecuting Attorney, and *John L. Wildeboer,* Assistant Prosecuting Attorney, for the people.

*Daniel J. Wright,* Assistant State Appellate Defender, for defendant on appeal.

Before: V. J. BRENNAN, P. J., and D. F. WALSH and H. L. HEADING,* JJ.

PER CURIAM. On November 3, 1976, defendant James Dale Rowe pled guilty in Jackson County Circuit Court to possession of a controlled substance, contrary to MCL 335.341(4); MSA 18.1070(41)(4). Defendant was originally charged both with possession of a controlled substance, Diazepam, and with bringing that substance into prison without a permit, contrary to MCL 800.281; MSA 28.1621. Pursuant to plea bargaining, the prosecution agreed to dismiss the count concerning MCL 800.281; MSA 28.1621, to abandon possible prosecution of defendant as an habitual criminal, MCL 769.10 *et seq.;* MSA 28.1082 *et seq.,* and to refrain from any objection in sentencing defendant concurrently rather than consecutively on the charge admitted. The trial court accepted defendant's plea for the possession count on December 8, 1976, under these conditions and sentenced defendant to a prison term of one to two years to be served concurrently with a sentence from a prior

---

* Detroit Recorder's Court judge, sitting on the Court of Appeals by assignment.

conviction. Defendant appeals as of right under GCR 1963, 806.1.

Defendant contends (1) that he did not receive proper notice of the addition of Diazepam to Schedule 4 of the Controlled Substances Act because such notice was not published in the Supplement to the Michigan Administrative Code before defendant was charged, (2) that the form of notice under MCL 24.261; MSA 3.560(161), is not sufficient to apprise defendant of when penal sanctions begin to operate in regard to the added provision, and (3) that defendant's guilty plea was coerced when he was charged with an offense for which he could not have been convicted.

Upon review, we find the trial court did not commit error in this case. Defendant was not denied proper constitutional notice where the addition of Diazepam to Schedule 4 did not become effective until 15 days after the date of filing with the Secretary of State, as required by MCL 24.247; MSA 3.560(147). Defendant's attempted analogy to the Federal Administrative Procedures Act is not persuasive. See 5 USC 551 *et seq.* The provisions of that act requiring Federal agencies to publish promulgated rules within 30 days in the Federal Register before they become operative does not establish a constitutionally required standard.

Because we find notice pursuant to MCL 24.247; MSA 3.560(147) sufficient to apprise defendant of the addition of Diazepam to Schedule IV, his second claim of error is without merit.

Finally, though defendant was originally charged and bound over on a count for which he could not have been convicted, that charge was later dismissed pursuant to the plea bargain reached. See *People v Stanton,* 400 Mich 192, 196; 253 NW2d 650 (1977). Defendant was not convicted

on the basis of this charge. We find no basis to reverse defendant's plea because the charge was brought or because defendant was bound over on that charge.

We sustain the guilty plea.

Affirmed.