## PEOPLE v HUIZAR

Docket No. 78-1663. Submitted February 6, 1979, at Detroit.—Decided March 20, 1979.

Bryan S. Huizar was convicted, on his plea of guilty, of attempted receiving and concealing stolen property over $100. The defendant was sentenced to three-years probation with the first six months to be served in the county jail. The defendant later moved to vacate his plea and set aside the sentence. This motion was denied by the Tuscola Circuit Court, Norman A. Baguley, J. The defendant appeals. *Held:*

The defendant believed from his conversation with the prosecutor, during which a plea agreement was reached, that if he entered a plea of guilty the prosecutor would recommend that the defendant be placed on probation and that if he was placed on probation he would not be sent to jail for six months. The record does not indicate that such a recommendation was made. Thus, since the prosecutor did not perform the plea bargain agreement and since, as a result of the prosecutor's representations, the defendant, a 17-year-old youth unrepresented by counsel, believed if he were to be put on probation he would not go to jail for six months, the plea was not voluntarily made. A defendant must know the direct consequences of his guilty plea in order to plead voluntarily. The plea may be withdrawn.

Remanded for withdrawal of the guilty plea.

CRIMINAL LAW — PLEA OF GUILTY — CONSEQUENCES OF PLEA — VOLUNTARY PLEA — WITHDRAWAL OF PLEA.

A defendant must know the direct consequences of his plea of guilty, including the actual value of any commitments made to him, in order to plead voluntarily; where a defendant pleads guilty and surrenders his right to trial in apparent misapprehension of the value of commitments made to him, he should be allowed to withdraw his plea because the plea cannot be considered voluntary.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 485, 505.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Patrick R. Joslyn,* Prosecuting Attorney (Prosecuting Attorneys Appellate Service, *Keith D. Roberts,* Assistant Attorney General, of counsel), for the people.

*Frank J. Pernicano,* for defendant on appeal.

Before: DANHOF, C.J., and BRONSON and BEASLEY, JJ.

BEASLEY, J. Defendant was charged with larceny in a building in violation of MCL 750.360; MSA 28.592, and with receiving and concealing stolen property of a value over $100 in violation of MCL 750.535; MSA 28.803. Each of the offenses involved the same two snow tires. Pursuant to a plea agreement, defendant, then age 17 and not represented by counsel, pled guilty to the lesser included offense of attempted receiving and concealing stolen property over $100.[1]

After defendant was sentenced to three-years probation with the first six months in the county jail, he moved to vacate his plea and set aside his sentence. The circuit court held an evidentiary hearing to determine whether defendant's plea should be vacated for the alleged failure of the prosecutor to keep the sentence bargain relied upon by the defendant in offering his plea. His motion was denied and he now appeals as of right.

The record indicates that on the day set for defendant's arraignment, a so-called pre-preliminary examination conference was held between the prosecuting attorney, the 17-year-old defendant and his parents. A plea agreement was reached whereby defendant would plead guilty to the lesser included offense of attempted receiving

---

[1] MCL 750.92; MSA 28.287.

and concealing stolen property, to-wit: the two snow tires, in exchange for the dismissal of the two charges. The prosecutor indicated in writing that he would recommend probation for defendant. The prosecutor admits that no mention was made to the unrepresented defendant of the possibility that probation could include some time in the county jail.

Defendant claimed that, based on his satisfaction with this bargain, he chose to waive his right to be represented by counsel at the plea-taking hearing. The trial judge questioned defendant and the prosecutor as to any agreements that had been struck between them. Although the agreement as to dropping the principal charges was stated, nothing was said to the court by the prosecutor concerning his promise to recommend probation for defendant. Further, the prosecutor neither advised the probation department that he had agreed to recommend probation for defendant nor did he discuss with them the possibility of probation without serving time in jail.

A defendant must know the direct consequences of his guilty plea, including the actual value of any commitments made to him, in order to plead voluntarily, *People v Lawson.*[2]

The *Lawson* Court quoted *Hammond v United States,*[3] in making its determination:

" '[I]n order to plead voluntarily, a defendant must know the direct consequences of his plea, including 'the actual value of any commitments made to him'. Where, as here, counsel's alleged advice, corroborated by the information supplied by the court, grossly exaggerated the benefit to be derived from the pleas of guilty, it would follow that the pleas were not voluntary.' "[4]

---

[2] *People v Lawson,* 75 Mich App 726; 255 NW2d 748 (1977).

[3] 528 F2d 15, 19 (CA 4, 1975).

[4] *Lawson, supra,* at 730.

In the within case, at the hearing to vacate his sentence, defendant claimed that, had he known of the possibility of spending time in jail, he would have obtained the services of an attorney and would not have pled guilty.

We are satisfied that defendant believed from his conversation with the prosecutor that if he was placed on probation he would not be sent to jail for six months, and that he understood the prosecutor would recommend to the judge that he be placed on probation. The record does not indicate that the prosecutor so recommended to the trial judge. Thus, since the prosecutor did not perform the plea bargain agreement and since, as a result of the prosecutor's representations to this unrepresented 17-year-old, defendant believed if he was put on probation he would not go to jail for six months, we find the plea was not voluntarily made and may be withdrawn.

Remanded for withdrawal of guilty plea.