PEOPLE v JAMES

Docket No. 78-3567. Submitted March 9, 1979, at Grand Rapids.— Decided May 23, 1979.

Robert L. James was convicted, on his plea of guilty, of assault with intent to rob while armed, Berrien Circuit Court, William S. White, J. The defendant and a codefendant pled guilty according to an agreement in which the prosecution promised not to charge either of the defendants with armed robbery or as a habitual offender. Defendant appeals, alleging that the plea agreement was illusory because he had no prior felony convictions and could not have been convicted as a habitual offender, and that, therefore, his guilty plea was involuntary. *Held:*

The promise not to bring habitual offender charges did not render the defendant's plea involuntary. It was made clear during the plea proceeding that the defendant had no prior felony convictions and it appears that the comments with regard to habitual offender charges were directed toward the codefendant who did have prior felony convictions. Also, the promise to forego armed robbery charges provided a strong inducement for the defendant's plea.

Affirmed.

CRIMINAL LAW — PLEA OF GUILTY — VOLUNTARINESS OF PLEA.

A defendant's plea of guilty of assault with intent to rob while armed was not rendered involuntary by inclusion in a plea agreement of a promise that no habitual offender charges would be brought against the defendant, even though the defendant had no prior felony record and, therefore, could not have been convicted as a habitual offender, where during the plea proceeding it was made clear that the defendant had no prior felony convictions and the comments regarding habitual offender charges appeared to be directed to a codefendant who did have prior felony convictions, and where the plea agreement also contained a promise not to bring charges of armed

REFERENCES FOR POINTS IN HEADNOTES
21 Am Jur 2d, Criminal Law § 485.
Validity of guilty plea—Supreme Court cases. 25 L Ed 2d 1025.

robbery against the defendant which provided a strong inducement for the plea.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *John A. Smietanka,* Prosecuting Attorney, and *Chris W. Dunfield,* Assistant Prosecuting Attorney, for the people.

*Derrick A. Carter,* Assistant State Appellate Defender, for defendant on appeal.

Before: R. B. BURNS, P.J., and ALLEN and MAC-KENZIE, JJ.

PER CURIAM. On August 29, 1977, defendant was convicted upon his plea of guilty of assault with intent to rob while armed. He was sentenced to a term of 15 to 50 years in prison, and appeals as of right.

Defendant contends that his plea was involuntary as a matter of law because the bargain upon which the plea was based was illusory. An examination of the transcript reveals the following plea agreement:

"THE COURT: Mr. Murphy and Mr. Peterson, has there been a plea-agreement made in this case?

"MR. PETERSON *[Defense Counsel]:* Yes, your Honor. The plea-agreement in this case is, that two counts of armed robbery against each of the defendants would not be brought against them.

"Also, that neither of the defendants would be charged as a habitual offender.

"THE COURT: Mr. Murphy, is that your understanding of the plea agreement?

"MR. MURPHY *[Prosecuting Attorney]:* That is a correct statement, your Honor.

"THE COURT: But is that your understanding of the plea-agreement?

"MR. MURPHY: It is, your Honor."

* * *

"THE COURT: Mr. James, you have heard the plea-agreement placed upon the record by your attorney, Mr. Peterson, and affirmed by the Prosecutor. Is that your understanding of the plea-agreement?

"DEFENDANT JAMES: Yes, sir."

Defendant argues that he did not possess any prior felony convictions, and, therefore, he could not have been charged as an habitual offender. Thus, the offer to refrain from bringing such a charge was a phantom promise.

This Court has not adopted a uniform approach on the issue of whether reversal is mandated when a promise which formed part of the plea agreement was of no benefit to the defendant. In *People v Rowe,* 85 Mich App 106; 270 NW2d 472 (1978), a plea of guilty of possession of a controlled substance was sustained even though as part of the plea agreement the prosecutor promised to dismiss a charge of bringing a controlled substance into a prison without a permit; the defendant, however, could not have been convicted of such charge.

In *People v Roderick Johnson,* 86 Mich App 77; 272 NW2d 200 (1978), the Court reached a result seemingly contrary to that in *Rowe.* In *Roderick Johnson,* the defendant was convicted on his plea of guilty of delivery of heroin. As part of the plea agreement, the prosecutor promised not to file an habitual offender charge. It was unclear from the record, however, whether the defendant did, in fact, possess any prior convictions at the time of the plea proceeding. Because the lack of prior convictions would have rendered the prosecutor's promise illusory and, thus, the plea involuntary, the case was remanded for an evidentiary hearing.

See also *People v Lawson,* 75 Mich App 726; 255 NW2d 748 (1977), where the Court held that the

defendant should be allowed to withdraw his guilty plea because it was entered upon a promise that separate charges pending in another county would be dropped and the charges were not in fact dropped.

The United States Court of Appeals decision of *Hammond v United States,* 528 F2d 15 (CA 4, 1975), is cited in both *Roderick Johnson* and *Lawson.* In that case, the Court ruled a plea involuntary where the defendant had been induced to plead guilty after erroneously being told that failure to do so could subject him to a maximum 95-year sentence, when he actually could have received a maximum of 55 years. Defendant alleged that since he was a "relatively young man" the prospect of a 90-year sentence or lifetime confinement in a mental institution coerced him into acceptance of the plea bargain which was offered to him and rendered his guilty plea involuntary. The Court held that a defendant must know the direct consequences of his plea, including the actual worth of any promises made to him.

In *Hammond,* however, the Court stated:

"Hammond was told that if he went to trial and was convicted, he could be sentenced to at least 35 and perhaps 40 more years than the law would allow. This may well have induced a guilty plea that would not have been forthcoming if Hammond had been correctly told that his plea would reduce his exposure to a maximum sentence by only 30 years rather than by 60 or 65 years. This is not to say, of course, that every item of misinformation which counsel may impart vitiates the voluntariness of a plea. *Each case must depend largely on its own facts.*" (Emphasis supplied.) 528 F2d at 18.

Upon contemplation of the facts of the instant case, we conclude that defendant's guilty plea was

not involuntary. It is questionable whether the offer to refrain from bringing the habitual offender charge was an inducement for defendant to plead guilty. Defendant did not possess any prior felony convictions, and during the plea proceeding he was informed that an habitual offender charge can be filed against a person if he has a prior felony conviction:

"THE COURT: I also advise both of you gentlemen that if you have been previously convicted of a felony that you can be charged as a habitual offender, and the maximum possible prison sentence could be increased.
"Do you fully understand that?
"Are either one of you gentlemen on probation or parole?
"DEFENDANT FITZNER: Yes, sir.
"DEFENDANT JAMES: No, sir.

\* \* \*

"THE COURT: You do realize, that based upon that fact, the Prosecutor could file a supplemental information charging you as a habitual offender, and the maximum possible sentence could be increased.
"Do you understand that, Mr. Fitzner?
"DEFENDANT FITZNER: Yes, sir."

All present at the proceeding were aware that defendant had no prior felony convictions. At the close of the proceeding, defendant's counsel noted to the court that, "As indicated in the arraignment, Mr. James has no prior felony record". It appears that the habitual offender aspect of the plea agreement was actually aimed at codefendant Fitzner, who did in fact have prior felony convictions.

Finally, we note that the promise to refrain from bringing the armed robbery charges provided a strong inducement for the plea, because of the substantial benefit to the defendant.

Affirmed.