PEOPLE v TAYLOR

Docket No. 61266. Submitted September 14, 1982, at Detroit.—Decided March 22, 1983.

Defendant, Robert Taylor, pled guilty in the Detroit Recorder's Court, David P. Kerwin, J., to two counts of first-degree criminal sexual conduct. The information charged defendant with six counts of criminal sexual conduct in the first degree although only three acts of sexual penetration were alleged. The plea bargain involved was to the effect that in exchange for a plea of guilty on two of the counts the remaining four would be dropped and defendant would receive two concurrent terms of 10 to 15 years imprisonment. Defendant appeals alleging that the plea bargain was illusory since he could only be convicted of three counts of first-degree criminal sexual conduct. *Held:*

1. The criminal sexual conduct statute permits only one conviction for each act of sexual penetration. Therefore, defendant could have been convicted of three, not six, counts of first-degree criminal sexual conduct.

2. A guilty plea must be made voluntarily and intelligently. A plea is involuntary unless the defendant knows the direct consequences of his plea, including the actual value of any commitments made to him. Here, defendant was under a misapprehension as to the actual value of the prosecutor's commitment to drop four charges.

3. The dismissal of the four counts played a prominent role

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 65 Am Jur 2d, Rape § 114.

[2] 21 Am Jur 2d, Criminal Law §§ 470-472, 476.

Degree of mental competence, required of accused who pleads guilty, sufficient to satisfy requirement, of Rule 11 of Federal Rules of Criminal Procedure, that guilty plea be made voluntarily and with understanding. 31 ALR Fed 375.

Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

[3] 21 Am Jur 2d, Criminal Law § 489.

[4] 21 Am Jur, 2d Criminal Law § 481 *et seq.*

in the defendant's plea bargain. Moreover, that aspect of the bargain was represented to be four times its actual worth.

4. Defendant's guilty plea was not intelligent and voluntary under the facts of the case.

5. A factual basis existed for acceptance of defendant's plea of guilty on Count V, charging sexual penetration of a person under 13 years old.

Remanded to the lower court to allow the defendant to withdraw his plea.

N. J. KAUFMAN, J., dissented. He would affirm because he believes that defendant received a good bargain since he has only two convictions instead of three and received a definite 10- to 15-year sentence. He noted, additionally, that defendant was represented by counsel and voluntarily pled guilty.

### OPINION OF THE COURT

1. RAPE — CRIMINAL SEXUAL CONDUCT — SEXUAL PENETRATION.

Only one conviction may be obtained for each act of sexual penetration shown under the statute regarding first-degree criminal sexual conduct (MCL 750.520b[1][a]; MSA 28.788[2][1][a]).

2. CRIMINAL LAW — GUILTY PLEAS.

A plea of guilty must be made voluntarily and intelligently; a plea is involuntary unless the defendant knows the direct consequences of his plea, including the actual value of any commitments made to him.

3. CRIMINAL LAW — GUILTY PLEAS.

A trial court properly established a factual basis for the acceptance of a defendant's plea of guilty despite the existence of exculpatory testimony by the defendant where the record discloses testimony from which an inculpatory inference could be reasonably drawn.

### DISSENT BY N. J. KAUFMAN, J.

4. CRIMINAL LAW — CRIMINAL SEXUAL CONDUCT — GUILTY PLEAS — APPEAL.

*A defendant's conviction on two counts of first-degree criminal sexual conduct should be affirmed on appeal where the facts indicate that the defendant, who was represented by counsel, voluntarily pled guilty in exchange for the dismissal of four other counts charging first-degree crimnal sexual conduct and where the defendant could have been convicted on three counts of first-degree criminal sexual conduct; the defendant received*

*a good bargain in receiving only two convictions instead of three and in drawing a sentence for a definite term of years.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Carolyn Schmidt,* for the people.

State Appellate Defender (by *Peter Jon Van Hoek),* for defendant on appeal.

Before: R. M. MAHER, P.J., and N. J. KAUFMAN and WAHLS, JJ.

PER CURIAM. Defendant pled guilty to two counts of first-degree criminal sexual conduct, MCL 750.520b(1)(a); MSA 28.788(2)(1)(a), and was sentenced to concurrent terms of 10 to 15 years in prison. He appeals as of right.

The information charged defendant with six counts of criminal sexual conduct in the first degree. The plea bargain was to the effect that in exchange for a plea of guilty on two of the counts, the remaining four would be dropped and defendant would receive two concurrent terms of 10 to 15 years. Defendant argues that this bargain was illusory because he could have been convicted of only three counts of first-degree criminal sexual conduct.

Although charging defendant with six counts of first-degree criminal sexual conduct, the information alleged only three acts of sexual penetration. In *People v Johnson,* 406 Mich 320; 279 NW2d 534 (1979), our Supreme Court held that the criminal sexual conduct statute permitted only one conviction for each act of sexual penetration. Consequently, defendant could have been convicted of

three—not six—counts of first-degree criminal sexual conduct.

A plea of guilty must be made voluntarily and intelligently. *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975); *People v Cohens,* 111 Mich App 788; 314 NW2d 756 (1981). A plea is involuntary unless the defendant knows the direct consequences of his plea, including the actual value of any commitments made to him. *People v Cohens, supra,* p 794; *People v Peete,* 102 Mich App 34, 37; 301 NW2d 53 (1980); *People v Huizar,* 89 Mich App 224, 226; 280 NW2d 494 (1979); *People v Lawson,* 75 Mich App 726, 730; 255 NW2d 748 (1977). See, also, *Hammond v United States,* 528 F2d 15, 19 (CA 4, 1975). Here, the defendant believed that he faced six convictions for first-degree criminal sexual conduct, instead of three. Thus, he was under a misapprehension as to the actual value of the prosecutor's commitment to drop four charges. In fact, the value was only a fraction of what the prosecutor made it out to be. However, as the court stated in *Hammond,*

"[not] every item of misinformation which counsel may impart vitiates the voluntariness of a plea. Each case must depend largely on its own facts." 528 F2d 18.

See, also, *People v James,* 90 Mich App 424, 427; 282 NW2d 344 (1979).

The people argue that under *People v Peete, supra,* defendant's plea is not rendered illusory simply because defendant did not know the actual number of convictions he faced. In *Peete,* the defendant's six-count information charged him with four counts of first-degree criminal sexual conduct. Defendant pled guilty to two of the counts of first-degree criminal sexual conduct and to the two counts of unarmed robbery and breaking and

entering with intent to commit larceny, partly in exchange for dropping the other two sexual conduct charges. However, the defendant could have been convicted of only two of the four sex offenses because the information alleged only two acts of sexual penetration. This Court held that this alone did not render the plea bargain illusory.

*Peete,* however, is distinguishable. That case involved a plea bargain incorporating five considerations, one of which was the prosecutor's promise to dismiss two first-degree criminal sexual conduct counts. *People v Peete, supra,* p 37. In the instant case, defendant's plea bargain contained only two considerations: concurrent 10- to 15-year sentences and dismissal of four counts. Thus, the dismissal of the counts played a far more prominent role in Taylor's plea bargain than in Peete's. Moreover, that aspect of the bargain was represented to be four times its actual worth: the defendant was led to believe that he was avoiding four convictions instead of one. We do not wish to speculate as to whether defendant, informed correctly, would have pled innocent or exacted further concessions from the prosecution. Nevertheless, in a case like this, where the value of one of two benefits offered by the prosecution was grossly exaggerated, these options remain distinct possibilities. We hold, therefore, that under the facts of this case, defendant's guilty plea was not intelligent and voluntary.

Defendant also contends that the trial court did not establish a factual basis for his plea of guilty on Count V, charging sexual penetration of a person under 13 years old, because he gave exculpatory testimony. The record discloses, however, testimony from which an inculpatory inference could be reasonably drawn. Therefore, a factual basis existed. *Guilty Plea Cases, supra,* p 130.

Remanded to the lower court to allow the defendant to withdraw his plea.

N. J. KAUFMAN, J. *(dissenting).* I respectfully dissent. I would affirm. I believe the defendant received a good bargain. First, he has only two convictions instead of three. Second, he drew a definite 10 to 15 years instead of whatever sentence a judge may have imposed. The defendant was represented by counsel and voluntarily pled guilty. Although I agree *People v Peete,* 102 Mich App 34; 301 NW2d 53 (1980), is distinguishable, much of the Court's discussion there supports affirmance.