PEOPLE v PETER WILLIAMS

Docket No. 79519. Submitted May 22, 1986, at Lansing. Decided July 21, 1986.

Defendant, Peter A. Williams, pled guilty in the Oakland Circuit Court to assault with intent to commit murder and possession of a firearm in the commission of a felony. The trial court, Gene Schnelz, J., sentenced defendant to from fifteen to fifty years imprisonment on the assault conviction and two years on the felony-firearm conviction. Defendant thereafter moved to set aside his guilty plea on the ground that the plea agreement was illusory. The trial court denied the motion. Defendant appeals from that order. *Held:*

The record establishes that defendant was aware that the agreement possibly had no value prior to the plea-taking hearing, but chose to plead guilty in spite of that knowledge. This is not a case where the defendant was misinformed of the actual value of the bargain. The plea was made voluntarily and intelligently.

Affirmed.

1. CRIMINAL LAW — GUILTY PLEAS.

A plea of guilty must be made voluntarily and intelligently.

2. CRIMINAL LAW — GUILTY PLEAS — PLEA BARGAINS.

The voluntariness of a defendant's plea depends upon his knowledge of the actual value of the bargain where the plea is offered pursuant to a bargain with the prosecutor.

3. CRIMINAL LAW — GUILTY PLEAS — PLEA BARGAINS.

There is no requirement in the law that a plea bargain have a specifically stated value to a defendant; the only requirement is that if there is a value it must be clearly and accurately stated to the defendant and be placed on the record.

REFERENCES

Am Jur 2d, Criminal Law, §§ 470 *et seq.*, 481 *et seq.*

Adequacy of defense counsel's representation of criminal client regarding plea bargaining. 8 ALR4th 660.

See also the annotations in the ALR3d/4th Quick Index under Plea Bargaining.

4. CRIMINAL LAW — GUILTY PLEAS — PLEA BARGAINS.
>An illusory plea bargain is one in which the defendant is led to believe that the plea bargain has one value when, in fact, it has another lesser value; a plea bargain is not illusory as long as the defendant knows in advance that the bargain has no value or that the value is questionable or minimal.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *John L. Kroneman,* Assistant Prosecuting Attorney, for the people.

*Joseph L. Stewart,* for defendant on appeal.

Before: SHEPHERD, P.J., and ALLEN and G. R. COOK,* JJ.

SHEPHERD, P.J. Defendant pled guilty as charged to assault with intent to commit murder, MCL 750.83; MSA 28.278, and felony-firearm, MCL 750.227b; MSA 28.424(2), and was sentenced to from fifteen to fifty years in prison on the former and the mandatory two years on the latter. A year after his sentencing and plea, defendant moved to set aside his guilty plea on the ground that the plea agreement was illusory. The trial court denied the motion and defendant now appeals from that order as of right.

Defendant argues on appeal, as he did below in his motion to withdraw his guilty plea, that the plea agreement was illusory. We disagree. Defendant tendered his plea in exchange for a promise by the prosecution that it would not file an habitual offender charge against him "if the prosecutor did in fact have a right to file" such a charge. Defendant contends that because a supplemental information charging him as an habitual offender

---

* Circuit judge, sitting on the Court of Appeals by assignment.

had not been filed within fourteen days after his arraignment on the underlying felony, the prosecution was precluded from prosecuting him as an habitual offender under *People v Shelton,* 412 Mich 565; 315 NW2d 537 (1982).

The following discussion of the parties' understanding of the agreement occurred at the plea-taking hearing:

> *The Court:* Do you understand there's been no plea bargain in connection with this matter?
>
> *The Defendant:* Yes, I do.
>
> *Mr. Kaluzny [Defense Counsel]:* Your Honor, the only promise is that if the Prosecutor did in fact have a right to file habitual they either way therefore will waive at the present time.
>
> *Mr. Mitchell [Assistant Prosecutor]:* That is correct, your Honor.
>
> *The Court:* Thank you. Had you given notice in connection with it?
>
> *Mr. Kaluzny:* Verbal notice, yes, your Honor.
>
> *The Court:* Thank you.
>
> *Mr. Mitchell:* The agreement was made relatively early on with respect to this matter between counsel and myself.
>
> *The Court:* I just want to make sure it's not an illusory promise.
>
> *Mr. Mitchell:* At this point it may in fact be. Allow me to check.
>
> *The Court:* Thank you. Is that your sole consideration or one of your considerations in pleading guilty to it?
>
> *Mr. Kaluzny:* Sole consideration.
>
> *The Court:* It is? Then I'm not going to take the plea.
>
> *Mr. Mitchell:* I believe we have reconstructed it, your Honor, and the Defendant, defense counsel are correct. At the time of the disposition conference—I'm sorry, not disposition, the arraignment in this matter, the People advised the Defendant that we intended to file habitual action and had

fourteen days from that point, assuming that it did not toll. Immediately after that, the following week, a disposition conference was held and the Defendant was sent to the Forensic Center for competency and criminal responsibility evaluations and that tolled the fourteen days, at least with respect to the agreement between counsel and myself. So at that point in time—

*The Court:* It was tolled until what time?

*Mr. Mitchell:* Until the Defendant was found to be competent, which occurred today. So from my estimation we would still have seven days from today's date in order to file the habitual information, assuming the fourteen days is cumulative. Therefore, the People would agree that if the Defendant's plea of guilty to Count I and II was accepted by this Court we would not file a habitual supplemental information against the Defendant.

*The Court:* Thank you. Is that your understanding, Mr. Kaluzny?

*Mr. Kaluzny:* Yes, it is, your Honor.

*The Court:* As a practical matter, the Court will then find the promise is not illusory, but apart from that, Mr. Williams, you do recognize and this is part of your advice of rights, that in relation to the Count I that the maximum sentence here would be life in prison or any number of years. Do you understand that?

*The Defendant:* Yes, I do.

*The Court:* So as a very practical matter the habitual offender is of little import. Do you understand that?

*The Defendant:* Yes.

Both parties agree on appeal that the issue of whether the fourteen-day time period for filing a supplemental habitual offender information is tolled pending a determination of competency is one of first impression. We find it unnecessary to address this collateral issue in order to resolve the primary issue before this Court on appeal, i.e., whether the plea agreement was illusory.

A plea of guilty must be made voluntarily and intelligently. *People v Taylor,* 124 Mich App 426, 429; 335 NW2d 208 (1983), rev'd on other grounds 418 Mich 954 (1984). "[W]here a plea is offered pursuant to a bargain with the prosecutor, voluntariness depends upon the defendant's knowledge of the actual value of the bargain." *People v Peete,* 102 Mich App 34, 37; 301 NW2d 53 (1980), lv den 411 Mich 962 (1981). See also *People v Mrozek,* 147 Mich App 304, 307; 382 NW2d 774 (1985).

In the present case, the record establishes that defendant was aware that the agreement possibly had no value prior to the plea-taking hearing, but chose to plead guilty in spite of that knowledge. This is not a case where the defendant was misinformed of the actual value of the bargain. Therefore, we conclude that the plea was made voluntarily and intelligently. We find nothing in the law that requires a plea bargain to have a specifically stated value to a defendant. The only requirement is that if there is a value it must be clearly and accurately stated to the defendant and be placed on the record. A defendant may wish to plead guilty merely because he is guilty and wants to avoid the hardship of trial. As long as the defendant knows in advance that the plea bargain has no value or knows that the value is questionable or minimal, the plea bargain is not illusory. We conclude that an illusory plea bargain is one in which the defendant is led to believe that the plea bargain has one value when, in fact, it has another lesser value. See generally, *People v Lawson,* 75 Mich App 726; 255 NW2d 748 (1977), and *People v Peete, supra,* p 38, in which we said, "[w]here the facts in a case indicate a plea is voluntary, *whether or not defendant received consideration* in return, the plea will be upheld." (Emphasis added.)

The focus is on defendant's knowledge of the value of the plea bargain, not on whether there was, in fact, any consideration or value. In this case, the most that defendant can say is that the value was speculative. However, since he knew the speculative value of the plea bargain, he was not misled and the plea bargain was not illusory.

Affirmed.