# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MATTHEW LESLIE LOTT,

        Defendant-Appellant.

UNPUBLISHED
December 19, 2017

No. 334193
Shiawassee Circuit Court
LC No. 15-007765-FH,
15-007259-FH

Before: MURPHY, P.J., and KELLY and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] from his plea-based convictions of two counts of delivery or manufacturing a controlled substance, MCL 333.7401(2)(b)(*i*); manufacturing a controlled substance, MCL 333.7401c(2)(f); possession of a controlled substance, second or subsequent offense, MCL 333.7403(b)(*i*), MCL 333.7413(2); purchase or possession of pseudoephedrine, MCL 333.17766c(1)(d) (intent to manufacture methamphetamine); possession of a controlled substance less than 25 grams, MCL 333.7403(2)(a)(*v*); possession of a controlled substance, MCL 333.7403(2)(b)(*ii*) (controlled substance analogue); maintaining a drug house, MCL 333.7405(1)(d); and two counts of assaulting a police officer, MCL 750.81d(1) (resisting arrest). Defendant was sentenced as a fourth habitual offender, MCL 769.12, to 15 to 60 years' imprisonment for each of the delivery or manufacturing a controlled substance, manufacturing a controlled substance, possession of a controlled substance, and purchase or possession of pseudoephedrine convictions, and to 46 to 180 months' imprisonment for each of the possession of a controlled substance less than 25 grams, possession of a controlled substance analogue, maintaining a drug house, and assaulting a police officer convictions. We affirm.

## I. BACKGROUND

Police were alerted to the presence of methamphetamine production components in defendant's apartment. Defendant consented to a search of his residence, and police found "numerous methamphetamine components and a quantity of suspected heroin, suspected crack

---

[1] *People v Lott*, unpublished order of the Court of Appeals, entered September 30, 2016 (Docket No. 334193).

cocaine, suspected finished methamphetamine, pseudoephedrine, and suspected prescription drug tablets." Defendant explained to detectives that earlier that day he had purchased pseudoephedrine because a friend had asked him to do so and that "she told him if he bought it in return she would get him high." Defendant also testified that he asked another person to purchase pseudoephedrine so that he could give it to others to make methamphetamine. Defendant testified that in his apartment were "[t]ubing and funnels, and coffee filters," which were used for the production of methamphetamine. Defendant testified that he allowed people to "get high" at his residence and allowed drugs to be sold there. Defendant was not immediately arrested.

Later that day, an officer driving past defendant's residence observed defendant screaming obscenities and being ordered into the apartment building by a second male. A short time later, an officer heard "yelling and possibly fighting" coming from the residence. When the officer entered, he could hear defendant "screaming and banging on the wall." Officers attempted to escort defendant outside, and defendant struck the officers multiple times while resisting arrest.

Defendant was charged with eight counts in Lower Court No. 15-007765-FH, conspiracy to deliver or manufacture methamphetamine, MCL 750.157a; delivery or manufacture of methamphetamine, MCL 333.7401(2)(b)(*i*); operating or maintaining a laboratory involving methamphetamine, MCL 333.7401c(2)(f); possession of methamphetamine, MCL 333.7403(2)(b)(*i*); purchasing pseudoephedrine to make methamphetamine, MCL 333.17766c(1)(d); possession of a controlled substance less than 25 grams, MCL 333.7403(2)(a)(*v*); possession of controlled substance analogues, MCL 333.7403(2)(b)(*ii*); and maintaining a drug house, MCL 333.7405(1)(d) and MCL 333.7406. He was also given a second or subsequent-offense notice, MCL 333.7413(2), and a fourth habitual-offender notice, MCL 769.12. In Lower Court No. 15-007259-FH, defendant was charged with two counts of assaulting a police officer, MCL 750.81d(1), and disturbing the peace, MCL 750.170, and was given a fourth habitual-offender notice, MCL 769.12.

Defendant entered into a plea agreement. He agreed to plead guilty to two counts of assaulting a police officer as a fourth habitual offender in Lower Court No. 15-007259-FH and to all counts as a fourth habitual offender in Lower Court No. 15-007765-FH, and to cooperate in two other cases. The prosecutor agreed not to seek the subsequent-offense sentencing enhancement under MCL 333.7413(2) in Lower Court No. 15-007765-FH, which would have doubled defendant's sentence, and also agreed to dismiss the disturbing the peace count, as well as a third case, Lower Court No. 15-007766-FH, in its entirety. Further, the prosecutor agreed not to pursue charges related to defendant's failure to appear for a hearing while out of jail on bond.

Following sentencing, defendant filed a motion to withdraw his plea, arguing that his sentence for the possession offense could not be doubled under the subsequent-offense enhancement if his sentence was also being enhanced based on his fourth habitual offender status. Therefore, defendant argued that he received no benefit from the prosecutor's agreement not to seek the subsequent-offense enhancement. Defendant also argued that the trial court incorrectly scored Offense Variable (OV) 14 based on judicial fact-finding and that he should therefore be resentenced. The trial court denied the motion and defendant appealed.

-2-

## II. ANALYSIS

*Defendant's Plea Agreement Was Knowing and Voluntary and Was Not Illusory.* Defendant first argues that, because his sentence could not have been doubled twice under the law, the plea agreement eliminating the double sentence under the controlled substance provisions provided defendant no benefit, and thus the plea agreement was illusory and the plea was not knowing and voluntary. We disagree. This Court reviews a "trial court's decision on a motion to withdraw a plea" for an abuse of discretion. *People v Cole*, 491 Mich 325, 329-330; 817 NW2d 497 (2012). A trial court abuses its discretion when its decision "results in an outcome falling outside the principled range of outcomes." *People v Carnicom*, 272 Mich App 614, 617; 727 NW2d 399 (2006). This Court reviews constitutional issues de novo. *Cole*, 491 Mich at 330.

MCR 6.302 governs guilty and no contest plea proceedings. *People v Blanton*, 317 Mich App 107, 118; 894 NW2d 613 (2016). "The court may not accept a plea of guilty or nolo contendere unless it is convinced that the plea is understanding, voluntary, and accurate." MCR 6.302(A). "[A] defendant entering a plea must be fully aware of the direct consequences of the plea." *Cole*, 491 Mich at 333 (internal quotation marks and citations omitted). A defendant is not fully aware of the consequences when he misapprehends "the actual value of commitments made to him." *People v Lawson*, 75 Mich App 726, 730; 255 NW2d 748 (1977). Where a defendant is "misinformed concerning the benefit of his plea," a guilty plea is not "understandingly and voluntarily made." *People v Graves*, 207 Mich App 217, 219-220; 523 NW2d 876 (1994). "[A]n illusory plea bargain is one in which the defendant is led to believe that the plea bargain has one value when, in fact, it has another lesser value." *People v Williams*, 153 Mich App 346, 350; 395 NW2d 316 (1986).

"Where a defendant is subject to sentence enhancement under the controlled substance provisions, the sentence may not be doubly enhanced under the habitual offender provisions." *People v Fetterley*, 229 Mich App 511, 540; 583 NW2d 199 (1998). Accordingly, we agree with defendant that the prosecution's agreement not to seek a double sentence under the subsequent-offense enhancement provided defendant no benefit where the prosecutor retained the ability to seek—and did, in fact, seek—a double sentence under the fourth habitual enhancement. We do not agree, however, that defendant's agreement to this arrangement was not knowing and voluntary. The trial court informed defendant that he could receive a double sentence under the fourth-habitual enhancement, and, despite this knowledge, defendant still agreed to the plea agreement.

Moreover, although defendant received no sentencing benefit from the prosecutor's agreement not to seek enhancement under the subsequent-offense enhancement, we do not agree that defendant did not receive any benefit from the plea agreement. In exchange for defendant's plea, the prosecution agreed to drop the one count of disturbing the peace in Lower Court No. 15-007259 and agreed to dismiss Lower Court No. 15-007765-FH in its entirety. Further, the prosecution agreed not to seek a warrant for defendant's absconding on bond. Therefore, we conclude that the plea agreement was not illusory. The trial court did not abuse its discretion by denying defendant's motion to withdraw his plea.

*The Trial Court Did Not Err in Scoring OV 14.* Next, defendant argues that the trial court improperly scored OV 14. We disagree. This Court reviews de novo whether "the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute." *People v Hutcheson*, 308 Mich App 10, 13; 865 NW2d 44 (2014). This Court reviews the trial court's findings of fact for clear error, including "whether they are supported by a preponderance of the evidence." *People v Ackah-Essien*, 311 Mich App 13, 36; 874 NW2d 172 (2015). A court commits clear error "when the reviewing court is left with the definite and firm conviction that a mistake has been made." *People v Kurylczyk*, 443 Mich 289, 303; 505 NW2d 528 (1993).

OV 14 covers the role played by the offender. MCL 777.44(1). An offender is assigned 10 points if he or she "was a leader in a multiple offender situation," and zero points if the offender was not a leader. MCL 777.44(1)(a), (b). "The entire criminal transaction should be considered when scoring this variable." MCL 777.44(2)(a). "A 'leader' is a person who acts as a guiding or directing head of a group." *Ackah-Essien*, 311 Mich App at 38 (internal quotation marks and citation omitted). "If 3 or more offenders were involved, more than 1 offender may be determined to have been a leader." MCL 777.44(2)(b).

Defendant first claims that the trial court erred by scoring OV 14 on the basis of judge-found facts. Nonetheless, per our Supreme Court's decision in *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), which rendered the sentencing guidelines purely advisory, judicial fact-finding is entirely appropriate at sentencing, *People v Biddles*, 316 Mich App 148, 159; 896 NW2d 461 (2016). Therefore, the trial court did not err when it engaged in judicial fact-finding.

Defendant alternatively argues that the trial court's factual finding that defendant was a "leader" under OV 14 was clear error. We disagree. Defendant admitted that he solicited a friend to purchase pseudoephedrine. Additionally, defendant's apartment had been used by others to "get high" and to purchase drugs. By directing others to commit criminal offenses and opening his home as a safe haven for criminal activity, defendant was a leader in a multiple-offender situation. That another leader may have directed defendant on occasion does not change this conclusion. See MCL 777.44(2)(b). The trial court did not clearly err by scoring 10 points for OV 14.

*Defendant was Not Deprived of Adequate Legal Representation.* Finally, defendant argues that he was deprived of adequate legal representation because he was represented by the same attorney as one of his codefendants, and the trial court did not follow the procedures required under MCR 6.005. We disagree. MCR 6.005(F) provides that, where two defendants are jointly charged, the co-defendants must be represented by "separate lawyers unassociated in the practice of law." This requirement is waived when counsel states on the record that joint representation will not cause a conflict of interest, each co-defendant states on the record that he or she wishes to proceed with the same counsel, and the trial court finds that joint representation will not cause a conflict of interest. *Id*.

In Lower Court No. 15-7765, defendant was jointly charged with a co-defendant. In Lower Court No. 15-7259, defendant was charged alone, without a co-defendant. Although defendant's attorney in Lower Court No. 15-7259 represented his co-defendant in Lower Court No. 15-7765, to avoid a conflict of interest, defendant was represented by different counsel in Lower Court No. 15-7765, the case in which defendant and the co-defendant were jointly

-4-

charged. Because defendant and the co-defendant had "separate lawyers unassociated in the practice of law," MCR 6.005, and defendant has not otherwise proven that his counsel's performance was deficient, we conclude that defendant was not deprived of adequate legal representation.

Affirmed.

/s/ William B. Murphy
/s/ Michael J. Kelly
/s/ Brock A. Swartzle